396 So.2d 203 (1981)
Antonio Bernardo LEON, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-51.
District Court of Appeal of Florida, Third District.
February 24, 1981.
Rehearing Denied April 20, 1981.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and NESBITT, J. and MELVIN, WOODROW M. (Ret.), Associate Judge.
*204 NESBITT, Judge.
The sole issue on appeal is whether the trial court erred in refusing to excuse a juror for cause. Finding that it did, we reverse the defendant's judgment of conviction and remand for a new trial.
The defendant was charged by information with burglary and grand theft. He entered a plea of not guilty and demanded a trial by jury. During the voir dire, one of the prospective jurors stated that her home previously had been burglarized. The record reveals the following voir dire of that prospective juror:
DEFENSE COUNSEL: Is there anything about the nature of this case; that is, the charge [of] burglary that disturbs you in such a way that you are not sure you can be fair to Mr. Leon?
PROSPECTIVE JUROR: Yes.
DEFENSE COUNSEL: Would you please relate what that feeling is so that [the prosecutor] and myself can understand?
PROSPECTIVE JUROR: Well, burglary, I guess because it happened to and happened to, you know  I just don't feel that I could be unpartial [sic] with him because still there is something I don't  stealing is something I don't condone. I think it is wrong, number one, for a person to go and take something from someone else.
Then the court undertook to examine the prospective juror:
THE COURT: Do you understand he is not guilty of anything at this time?
PROSPECTIVE JUROR: Yes.
THE COURT: He is innocent as he sits there.
PROSPECTIVE JUROR: Until found guilty. Right.
THE COURT: I know it is a natural feeling. You just find it difficult to be fair considering the fact that you were involved in something like this before.
PROSPECTIVE JUROR: Yes.
THE COURT: Would it affect your ability to sit and listen to the evidence fairly and impartially?
PROSPECTIVE JUROR: I will listen, yes.
THE COURT: Can you judge a case based on the evidence rather than by some feeling for or against the State or the defendant?
PROSPECTIVE JUROR: I don't know.
Defense counsel then challenged the prospective juror for cause. At that point he had used three of six peremptory challenges.[1] Before ruling on the challenge, the trial court allowed the prosecutor to additionally voir dire the prospective juror and the following occurred:
PROSECUTOR: I will tell you that this alleged burglary did not occur in the same area of the city as your breaking and entering. Would that make any difference to your feelings in judging this case?
PROSPECTIVE JUROR: No.
PROSECUTOR: Even though it has been six years and this is not the same area, do you still feel that you could not sit and judge these facts objectively?
PROSPECTIVE JUROR: I really don't know.
The court then re-examined this prospective juror as follows:
THE COURT: You are not sure that you can be fair and impartial because of your strong feeling about theft?
PROSPECTIVE JUROR: Right.
THE COURT: You do not know that you cannot be fair?
PROSPECTIVE JUROR: No. I don't.
At the conclusion of the court's examination the court denied the challenge for cause stating:
I will not discharge her for cause. She has not indicated that she has a predisposition or a feeling that she cannot control during the course of the testimony.
During subsequent voir dire examination, defense counsel continued to voir dire the prospective juror who then acknowledged *205 defendant's presumption of innocence and the state's burden of establishing the defendant's guilt beyond and to the exclusion of every reasonable doubt. When again asked if she could find the defendant not guilty if the state failed in its burden, this prospective juror candidly responded: "I don't know." When a similar question was later put to her, she responded: "No, not if it cannot be proved." Later, after the denial of the challenge for cause, this juror ultimately stated that she could "be fair."
The initial determination of a juror's competence for cause lies within the discretion of a trial court, Singer v. State, 109 So.2d 7, 22 (Fla. 1959); Ashley v. State, 370 So.2d 1191 (Fla. 3d DCA 1979). This discretion, however, is not unlimited.
At stake is the party's right guaranteed by the Sixth Amendment to an impartial jury; the principal way this right is implemented is through the system of challenges exercised during the voir dire of prospective jurors... . Although a trial court has broad discretion in its conduct of voir dire, ... its exercise of that discretion is "subject to the essential demands of fairness." [citations omitted]
United States v. Nell, 526 F.2d 1223, 1229 (5th Cir.1976).
The test for determining the competence of a juror is not whether he will be able to control any bias or prejudice but rather whether he may lay aside those considerations and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court. Singer v. State, supra; McCullers v. State, 143 So.2d 909 (Fla. 1st DCA 1962), cert. dismissed, 155 So.2d 696 (Fla. 1963); § 913.03(10), Fla. Stat. (1979). Where there is any reasonable doubt as to a juror's possessing the requisite state of mind so as to render an impartial verdict, the juror should be excused, Singer v. State, supra, and the defendant given the benefit of the doubt, Blackwell v. State, 101 Fla. 997, 132 So. 468 (1931); Walsingham v. State, 61 Fla. 67, 56 So. 195 (1911).
In this case it is true that the prospective juror ultimately gave affirmative answers lending credence to her ability to render a dispassionate, neutral, and unbiased verdict. On the other hand, that may have been the result of the psychological impact requiring such a declaration. See Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). However, we do not need to speculate as to the inner workings of the juror's mind, nor her sincerity. In Singer v. State, our Supreme Court stated:
[A] juror's statement that he can and will return a verdict according to the evidence submitted and the law announced at the trial is not determinative of his competence, if it appears from other statements made by him or from other evidence that he is not possessed of a state of mind which will enable him to do so.
109 So.2d at 24. Gauged by the foregoing test, it is apparent that the challenge for cause to the juror should have been granted.
At the time the defendant challenged the prospective juror for cause, he had three remaining peremptory challenges. Following the denial of his challenge for cause of this prospective juror, he did not utilize any of his remaining peremptory challenges against her. Instead, he exercised his peremptory challenges against other prospective jurors to the point that all peremptory challenges were exhausted. For this reason, the state contends the defendant did not preserve the matter for appellate review arguing that he was first required to have exercised his peremptory challenge against the particular juror and then exhaust any remaining peremptory challenges and, following that, again renew his challenge for cause to the juror who was allegedly biased. We can find no support for such a proposition. Instead, we find the general rule to be that it is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause since it has the effect of abridging the right to exercise peremptory challenges. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919).
*206 For the foregoing reasons, defendant's judgment of conviction is reversed with directions to award him a new trial.
NOTES
[1] Fla.R.Crim.P. 3.350(b).