458 So.2d 1140 (1984)
Mary Ethel WADDELL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-853.
District Court of Appeal of Florida, Fifth District.
October 11, 1984.
Rehearing Denied November 20, 1984.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The appellant, Mary Ethel Waddell, was convicted of forgery and uttering a forged instrument. On appeal she asserts that she was forced to peremptorily challenge two prospective jurors, Matthews and McGriff, from the panel "after each indicated they would infer guilt should the Defendant exercise her Fifth Amendment privilege against self-incrimination." The record, as we read it, does not support this assertion.
*1141 That record of the voir dire examination, which is relied upon by the appellant, reads:
MR. CORNELIUS [Defense Counsel]: The Defendant does not have to prove her innocence, she has to prove nothing. The State must prove her guilt beyond and to the exclusion of every reasonable doubt. The Constitution of the United States gives my client the right to take the stand or not take the stand.
Would any of you hold it against her if she elected not to take the stand?
THE VENIRE: No.
MR. CORNELIUS: Would any of you think she must be hiding something or 
A JUROR: I might find it hard to accept, I would wonder why not.
MR. CORNELIUS: All right, sir. Thank you for that candor.
A JUROR: I go along with this gentleman.
A JUROR: I might have doubts if she refused to take the stand. My thinking might be a little hesitant.
A JUROR: If I was accused of something I would want to take the stand in my own defense.
MR. CORNELIUS: All right. You're Mr. Matthews?
A JUROR: Correct. If I was innocent I would want everybody to know it, I'd get up there and tell them about it.
MR. CORNELIUS: Thank you, Mr. Matthews, we appreciate your candor. That's the same thing you feel?
A JUROR: Not me, I don't think so.
A JUROR: I do.
MR. CORNELIUS: You do?
A JUROR: I go along with that also.
MR. CORNELIUS: That's your feelings?
A JUROR: Yes, sir.
MR. CORNELIUS: If persons don't take the stand they must be hiding something?
A JUROR: Well, presumably, I would think so.
MR. CORNELIUS: All right, sir. Let me ask all of you this collective question. If the State fails to prove its case beyond and to the exclusion of every reasonable doubt would all of you agree with me that your verdict must be not guilty?
THE VENIRE: Yes.
MR. CORNELIUS: Would all of you agree with me that if you had to go in and render a decision right now that your verdict would have to be not guilty?
THE VENIRE: Absolutely.
MR. CORNELIUS: We would tender the jury at this time, Your Honor.
Section 913.03, Florida Statutes (1981), provides in pertinent part:
A challenge for cause to an individual juror may be made only on the following grounds:
* * * * * *
(10) The juror has a state of mind regarding the defendant, the case, the person alleged to have been injured by the offense charged, or the person on whose complaint the prosecution was instituted that will prevent him from acting with impartiality, but the formation of an opinion or impression regarding the guilt or innocence of the defendant shall not be a sufficient ground for challenge to a juror if he declares and the court determines that he can render an impartial verdict according to the evidence;
* * * * * *
In the instant case, both Matthews and McGriff declared they would require the state to prove its case beyond and to the exclusion of every reasonable doubt and afford the defendant the presumption of innocence, and the trial court determined they could render an impartial verdict according to the evidence by denying the challenge for cause.
The fact that an uninstructed juror would expect an innocent defendant to positively assert his innocence cannot come as a surprise to anyone. If all such jurors were summarily excluded, it is doubtful jury trials could be held at all. The real test is whether or not the prospective juror can lay aside all other considerations and render his verdict solely upon the evidence *1142 presented and the instructions on the law given him by the court. Singer v. State, 109 So.2d 7 (Fla. 1959): Powell v. State, 131 Fla. 254, 175 So. 213 (1937); O'Connor v. State, 9 Fla. 215 (1860); Leon v. State, 396 So.2d 203 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981). The discretionary decision of the trial judge in this regard should not be disturbed unless error is manifest. Blackwell v. State, 101 Fla. 997, 132 So. 468 (1931).
AFFIRMED.
SHARP, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.
FRANK D. UPCHURCH, Jr., Judge, dissenting.
I respectfully dissent. The question of a juror's competence is generally determined by the trial judge in his discretion, Singer v. State, 109 So.2d 7 (Fla. 1959), this discretion "is subject to the essential demands of fairness" in order to preserve the defendant's Sixth Amendment right to an impartial jury. Leon v. State, 396 So.2d 203 (Fla. 3d DCA), rev. denied, 407 So.2d 1106 (Fla. 1981). See also United States v. Nell, 526 F.2d 1223 (5th Cir.1976); Peek v. State, 413 So.2d 1225 (Fla. 3d DCA 1982).
I agree with the majority that in determining the competence of a juror, the test is not whether the juror will be able to control any bias or prejudice but rather whether he can lay aside those considerations and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court. Singer v. State, 109 So.2d at 24. However, here, neither the prosecutor nor the court inquired as to whether the two prospective jurors could do this.
In Singer, the court stated that where there is any reasonable doubt as to a juror's possessing the requisite state of mind so as to render an impartial verdict, the juror should be excused and the defendant given the benefit of the doubt. Id. at 23. The court further quoted from Powell v. State, 131 Fla. 254, 175 So. 213 (1937) and observed that:
The accused, guilty or innocent, is entitled to the presumption of innocence in the mind of every juror until every element of the offense charged against him has been proved by competent evidence adduced upon the trial beyond a reasonable doubt. This is not accomplished when a juror is taken upon a trial whose mind is in such condition that the accused must produce evidence of his innocence to avoid a conviction at the hands of that juror.
Id. at 24.
I believe that the defense demonstrated a basis for excluding the two prospective jurors, that being their candid belief that appellant's failure to present evidence of her innocence would raise some question in their minds. When confronted with this apparent mindset, the trial court should have conducted a further inquiry or granted defense counsel's challenges for cause and excluded the prospective jurors. Its failure to do either forced appellant to sacrifice two of the six peremptory challenges alloted to her by law and therefore I would reverse for a new trial. See Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); United States v. Daly, 716 F.2d 1499 (9th Cir.1983); United States v. Nell; Leon v. State.