463 So.2d 276 (1984)
Goldwire ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-318.
District Court of Appeal of Florida, Third District.
November 20, 1984.
Rehearing Denied March 5, 1985.
Bennett H. Brummer, Public Defender and William A. Meadows, Jr., Mark Hektner and George T. Pallas, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The defendant Goldwire Anderson appeals his convictions and sentences entered below after a jury trial for the crimes of first degree murder and two counts of robbery. We have carefully reviewed the record and briefs in this case and find that no reversible error was committed below. We accordingly affirm.
The defendant raised five points on appeal in his initial brief, but abandoned one of these points at oral argument. His remaining points on appeal are as follows: (1) the trial court erred in denying the defendant's motion to suppress a lineup identification and certain incriminating statements made by the defendant to the police; (2) the trial court erred in denying the defendant's motion to challenge for cause two prospective jurors who were allegedly prejudiced; (3) the trial court erred in denying the *277 defendant's motion to challenge for cause a prospective juror who was allegedly prejudiced due to her views on capital punishment; and (4) the trial court erred in imposing a sentence on one of the robbery counts.
As to the first point, the basis of the defendant's motion to suppress was that the police unlawfully arrested him, thereby tainting (a) his subsequent lineup identification by a witness, and (b) his subsequent incriminating statements which he made to the police. We disagree. The defendant was arrested pursuant to an arrest warrant supported by an affidavit which, in our view, stated ample probable cause for the defendant's arrest. Consequently, no error was committed in denying the motion to suppress. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
As to the second and third points, we have examined the record and find that no reversible error was committed below. The trial court properly denied the defendant's motion to challenge for cause the prospective jurors Ms. Zaldivar and Ms. Scherba; these jurors were subsequently challenged peremptorily by the defense and did not serve on the jury. No showing was made during the voir dire that these jurors could not be fair and impartial to the defendant. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Moore v. State, 299 So.2d 119 (Fla. 3d DCA 1974); Gavin v. State, 259 So.2d 544 (Fla. 3d DCA), cert. denied, 265 So.2d 370 (Fla. 1972); see United States v. Jimenez-Diaz, 659 F.2d 562 (5th Cir.1981), cert. den. sub nom., Salazar v. United States, 456 U.S. 907, 102 S.Ct. 1754, 72 L.Ed.2d 164 (1982).
Although we agree that the trial court erroneously denied the defendant's motion to challenge for cause the prospective juror Mr. Carmichael, Leon v. State, 396 So.2d 203 (Fla. 3d DCA), pet. for review denied, 407 So.2d 1106 (Fla. 1981), no reversible error is made to appear because (1) the defendant exercised a peremptory challenge on this juror and consequently the juror did not sit on this case as did the challenged juror in Leon v. State, supra, and (2) the defendant exhausted his peremptory challenges, but made no showing below, as required by Young v. State, 85 Fla. 348, 354, 96 So. 381, 383 (1923), "that the jury finally impanelled contained at least one juror objectionable to the defendant, who sought to excuse him [the juror] peremptorily but the challenge was overruled." Stated differently, the defendant has failed to demonstrate that "he was prejudiced by being required to accept an objectionable juror because of the denial of the challenge for cause ... [which] he is required to do in order to show reversible error." Rollins v. State, 148 So.2d 274, 276 (Fla. 1963).
Indeed, under circumstances identical to those in the instant case, where the defendant exhausted his peremptory challenges but did not attempt to exercise and was never denied a peremptory challenge on a single member of the jury who actually served on the case, the Florida Supreme Court has held that the erroneous denial of a challenge for cause on a prospective juror who, in fact, did not serve on the jury, as here, cannot constitute reversible error. Rollins v. State, supra; Young v. State, supra; McRae v. State, 62 Fla. 74, 57 So. 348 (1911). The theory behind these cases is that a defendant has in no way been harmed by such a ruling where he makes no complaint below about, and in no way seeks to strike, any juror who actually served on his case. We are constrained to follow these controlling decisions and find no reversible error as to this point on appeal. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
Finally, we see no merit in the defendant's final point on appeal. The defendant here attacks the sentence imposed for his conviction on count III of the information charging the defendant with the robbery of Aleli Puig. It is alleged that this robbery was the underlying felony on count I of the information charging the defendant with the murder of Fernando Puig and, therefore, was a lesser included offense thereunder. We disagree. The underlying *278 felony, if any, under count I of the information was the robbery of Fernando Puig himself; consequently, the conviction and sentence imposed for the robbery of Aleli Puig was perfectly proper. See State v. Hegstrom, 401 So.2d 1343 (Fla. 1981).
Affirmed.