489 So.2d 211 (1986)
Tyrone JEFFERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2282.
District Court of Appeal of Florida, Third District.
June 3, 1986.
*212 Bennett H. Brummer, Public Defender, and Alan E. Weinstein and Richard J. Preira, Special Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
HENDRY, Judge.
Tyrone Jefferson appeals his convictions and sentences for first degree murder and unlawful possession of a firearm. We reverse appellant's convictions and remand for a new trial on the following briefly stated analysis.
Appellant's sole issue on appeal is that he was forced to use a peremptory challenge to exclude a juror when the trial court denied his motion to exclude her for cause. As a result, an objectionable juror was seated after defendant used all of his remaining peremptory challenges and the trial court refused to allow defendant one extra.
The law is clear that the test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given by the court. State v. Williams, 465 So.2d 1229 (Fla. 1985); Davis v. State, 461 So.2d 67 (Fla. 1984); Waddell v. State, 458 So.2d 1140 (Fla. 5th DCA 1984), review denied, 466 So.2d 218 (Fla. 1985). If there is a basis for any reasonable doubt as to any juror's possessing that state of mind which will enable him to render an impartial verdict solely on the evidence submitted and the law announced at the trial, he should be excused. Graham v. State, 470 So.2d 97 (Fla. 1st DCA 1985), citing Singer v. State, 109 So.2d 7 (Fla. 1959).
In the case at bar, the juror's husband was currently employed in the circuit court clerk's office and he had been employed in various law enforcement capacities for a number of years. The juror gave very equivocal answers about whether her husband's career would possibly affect her ability to be impartial and whether she would favor the state. Her response to a question regarding the weight to be given to police testimony was also equivocal. There was an indication that she misunderstood the allocation of the burden of proof in a criminal case. The doubts about her impartiality were not adequately resolved by the trial court. We find that it was error not to excuse this juror for cause.
As noted above, defendant had to use a peremptory challenge to exclude this juror. He was then forced to accede to an objectionable juror because he had by then exhausted his remaining peremptory challenges. As we stated in Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981): "it is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause since it has the effect of abridging the right to exercise peremptory challenges," citing to Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). See also Anderson v. State, 463 So.2d 276 (Fla. 3d DCA 1984), review denied, 475 So.2d 693 (Fla. 1985).
Because we cannot say that the errors herein are harmless, we reverse the defendant's convictions and remand for a new trial.
Reversed and remanded.