SCHWARTZ, Chief Judge.
Viera appeals from an armed robbery conviction after a jury trial. We reverse.
At the conclusion of jury selection, but before the jury was sworn, defense counsel asserted a challenge for cause of a particular juror, Mr. Taylor. Although, because of the opinions expressed by Taylor during voir dire, the challenge was at least colorable and could surely have been granted within the trial judge’s discretion,[1] he refused to rule upon it on the ground that the challenge had not been made earlier as he had previously instructed. This restriction of the time for making a challenge for cause was clearly and erroneously contrary to Florida Rule of Criminal Procedure 3.310, which provides that: “[t]he State or defendant may challenge an individual prospective juror before the juror is sworn to try the cause.” By virtue of this rule, the supreme court has specifically stated,
[a] trial judge has no authority to infringe upon a party’s right to challenge any juror, either peremptory or for cause, prior to the time the jury is sworn.
Jackson v. State, 464 So.2d 1181, 1183 (Fla. 1985); see also Peek v. State, 413 So.2d 1225 (Fla. 3d DCA 1982), pet. for review denied, 424 So.2d 763 (Fla.1982).
There remains the question of the appropriate remedy. In theory, because the trial judge has never in fact exercised his discretion upon the challenge for cause, all that need be done is to remand for him now to do so, with directions to afford a new trial only if the challenge is sustained. In fact, to take that course after the trial has terminated in a guilty verdict is both impractical, if not impossible, and certainly inadvisable. See Hernandez v. State, 473 So.2d 1364 (Fla. 3d DCA 1985) (Pearson, J., concurring), and cases cited. Instead, since the defendant exhausted his allotted peremptory challenges by striking the juror in question and then unsuccessfully sought to exercise an additional challenge, we conclude that the error necessitates an unconditional remand for a new trial. Hill v. State, 477 So.2d 558 (Fla.1985); Jefferson v. State, 489 So.2d 211 (Fla. 3d DCA 1986); Leon v. State, 396 So.2d 203 (Fla. 3d DCA 1981), pet. for review denied, 407 So.2d 1106 (Fla.1981).
Reversed and remanded with directions.

. We need not determine whether it would have been error to deny the challenge for cause. See Jefferson v. State, 489 So.2d 211 (Fla. 3d DCA 1986).