514 So.2d 426 (1987)
CLUB WEST, INC., etc., et al., Appellants,
v.
TROPIGAS OF FLORIDA, INC., a Florida Corporation, and Raytheon Company, a Foreign Corporation, Appellees.
No. 86-3085.
District Court of Appeal of Florida, Third District.
November 3, 1987.
Ress, Gomez, Rosenberg, Howland & Mintz and Mark J. Mintz, North Miami, for appellants.
Kimbrell & Hamann and Michael K. McLemore, Corlett, Killian, Hardeman, McIntosh & Levi and Donna G. Levi, Miami, for appellees.
*427 Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Club West, Inc. (Club West) appeals from a final judgment entered in favor of Tropigas of Florida, Inc. (Tropigas) and Raytheon Company (Raytheon).
Club West and its insurer sued Tropigas and Raytheon asserting that they caused a fire which destroyed Club West's property. During voir dire, prospective juror Ms. Stratos volunteered the information that her husband owned stock in Raytheon. She further indicated that both she and her husband were "very happy with the company" having made a large profit from the stock. She conceded that she might be inclined to let her knowledge of her husband's investment experiences with Raytheon figure into her decision in the case. Later, on further questioning by the defendant's attorney, she assured the court that she would weigh the evidence and impartially decide the case based on the evidence. Club West moved to excuse Ms. Stratos for cause. The trial court rejected the motion. Having exhausted all of its a peremptory challenges, Club West was unable to excuse Stratos. At the end of the trial, the jury returned a defense verdict and Club West appeals.
Club West contends that the trial court should have excused Ms. Stratos for cause because of the uncertainty surrounding her impartiality. We agree. We note at the outset that the question of whether a prospective juror is competent to serve as a juror is a mixed question of law and fact and will not be disturbed on appeal unless the trial court's decision is manifestly erroneous. Singer v. State, 109 So.2d 7, 22 (Fla. 1959); Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981). The court in Singer pointed out, however, that this standard is tempered by the rule
that if there is basis for any reasonable doubt as to any juror's possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial he should be excused on motion of a party, or by the court on its own motion.
109 So.2d at 23-24; accord Hill v. State, 477 So.2d 553, 556 (Fla. 1985); Jefferson v. State, 489 So.2d 211, 212 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla. 1986); Leon, 396 So.2d at 205; see Fla.R.Civ.P. 1.431(c)(1); cf. Sydleman v. Benson, 463 So.2d 533, 533 (Fla. 4th DCA 1985) ("Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality."). Where a juror initially demonstrates a predilection in a case which in the juror's mind would prevent him or her from impartially reaching a verdict, a subsequent change in that opinion, arrived at after further questioning by the parties' attorneys or the judge, is properly viewed with some scepticism. See, e.g., Johnson v. Reynolds, 97 Fla. 591, 599, 121 So. 793, 796 (1929); Singer, 109 So.2d at 24. The test to be applied by the court is whether the prospective juror is capable of removing the opinion, bias or prejudice from his or her mind and deciding the case based solely on the evidence adduced at trial. Singer, 109 So.2d at 24; State v. Williams, 465 So.2d 1229, 1231 (Fla. 1985). A juror's assurance that he or she is able to do so is not determinative. Singer, 109 So.2d at 24; Smith v. State, 463 So.2d 542, 544 (Fla. 5th DCA 1985); Leon, 396 So.2d at 205.
Based upon the rules set out above, we hold that the trial court abused its discretion in denying Club West's motion to excuse Ms. Stratos for cause. Ms. Stratos initially acknowledged that she was uncertain whether she could be impartial because of her previous favorable and profitable experiences with Raytheon. In fact, after she disclosed her feelings about the defendant, and counsel for Club West asked her whether he would "be starting with one strike against [him]," she replied: "Maybe. I have to be honest. Maybe." Although she later indicated that she could be impartial, because of her equivocal answers, serious doubt remained concerning her ability to be impartial. Consequently, *428 the trial court should have excused her for cause and it clearly abused its discretion by refusing to do so. See Jefferson, 489 So.2d at 211 (conviction reversed where juror gave equivocal answers regarding her ability to be impartial because of her husband's career in law enforcement); Auriemme v. State, 501 So.2d 41 (Fla. 5th DCA 1986) (conviction reversed where jurors in a sexual battery case had answered on voir dire that they were unsure of their ability to be impartial because of their prior experiences), review denied, 506 So.2d 1043 (Fla. 1987); Sikes v. Seaboard Coast Line R.R., 487 So.2d 1118 (Fla. 1st DCA) (trial court abused its discretion by refusing to excuse juror where juror was ambivalent as to whether she could be impartial when the defendant's attorney was her son's "best friend."), review denied, 497 So.2d 1218 (Fla. 1986); Highlands Ins. Co. v. Lucci, 423 So.2d 947 (Fla. 3d DCA 1982) (trial court's failure to excuse juror who felt that she could not be impartial deprived defendant of a fair trial). Accordingly, we reverse and remand this cause for a new trial.