516 So.2d 43 (1987)
Leroy SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2624.
District Court of Appeal of Florida, Third District.
December 1, 1987.
Bennett H. Brummer, Public Defender and Barbara Green, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard L. Kaplan, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the defendant Leroy Smith from a judgment of conviction and sentence entered against him for sexual battery based on an adverse jury verdict. We reverse and remand for a new trial *44 based on the following briefly stated legal analysis.
First, the trial court committed reversible error in denying a defense challenge for cause made at trial against a prospective juror, Ms. Alfonso. This juror, during voir dire of the jury, stated that as the mother of a fifteen-year-old daughter,
"If she will be in a situation like that, I will nail them to the max. I won't want to hear any side, no story. Rape is something violent. The man is stronger than a woman... ."
(T. 116). When asked if she could put her feelings aside, she responded, "I don't think so. There's no way... . I think it is one of the worst crimes." (T. 117). She also stated that "Yes, definitely," (T. 119) she would have a problem listening to testimony about a rape. She finally said, in response to questions by the court and the prosecuting attorney, the following:
"THE COURT: You're being honest. That's what we're looking for. Is there anybody in the first row that feels that way?
Ms. Alfonso, do you feel you can put any strong views 
MS. ALFONSO: Maybe not a strong one. I think it is one of the worst crimes.

MR. BAGLEY: It may be one of the worst crimes, but can you put aside that particular view for the purpose of this trial and listen to the facts in this case and apply the law as his Honor may instruct you as to what the law is and hold the State to that burden of proving beyond a reasonable doubt that the offense was committed? Can you go in the jury room at the end of the trial and come up to a decision and reach this decision in this case?
MS. ALFONSO: I think I could."
(T. 117-18) (emphasis added). Plainly, a reasonable doubt was established on this record concerning Ms. Alfonso's ability to render an impartial verdict based solely on the evidence, and the said juror should have been excused for cause. See Singer v. State, 109 So.2d 7, 23-24 (Fla. 1959); Robinson v. State, 506 So.2d 1070 (Fla. 5th DCA 1987); Auriemme v. State, 501 So.2d 41 (Fla. 5th DCA 1986), rev. denied, 506 So.2d 1043 (Fla. 1987). Moreover, the defendant was clearly harmed by this error as (1) he was forced to exercise an unnecessary peremptory challenge on Ms. Alfonso, (2) he thereafter exhausted all of his allotted peremptory challenges, and (3) he was denied an additional peremptory challenge, to which he was clearly entitled, having been improperly forced to waste one of his peremptory challenges on Ms. Alfonso. See, e.g., Hill v. State, 477 So.2d 553, 556 (Fla. 1985); Jefferson v. State, 489 So.2d 211, 212 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla. 1986); see also Viera v. State, 490 So.2d 201, 202 (Fla. 3d DCA 1986); Leon v. State, 396 So.2d 203 (Fla. 3d DCA), rev. denied, 407 So.2d 1106 (Fla. 1981).
Second, we find it unnecessary to determine whether the defendant properly preserved for appellate review the admissibility of the testimony of Detective Fabian concerning a telephone conversation he had with the defendant because a new trial is required, in any event, based on the above reversible error in denying the defense challenge for cause against the juror Ms. Alfonso. Suffice it say, however, that the above testimony of Detective Fabian was clearly inadmissible  indeed, the state makes no effort to defend its admissibility  and therefore the trial court should not admit same upon the new trial which we are ordering in this cause. See Bates v. State, 422 So.2d 1033, 1034 (Fla. 3d DCA 1982); Sias v. State, 416 So.2d 1213, 1217 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla. 1982); Albright v. State, 378 So.2d 1234, 1235 (Fla. 2d DCA 1979); Andrews v. State, 172 So.2d 505, 507 (Fla. 1st DCA 1965).
The final judgment of conviction and sentence under review is reversed, and the cause is remanded to the trial court for a new trial.
Reversed and remanded.