540 So.2d 201 (1989)
Humberto FARIAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2113.
District Court of Appeal of Florida, Third District.
March 21, 1989.
*202 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
Humberto Farias appeals his conviction for trafficking in cocaine. We reverse and remand for a new trial on the following briefly stated analysis.
Farias argues that he was forced to use a peremptory challenge to exclude a juror when the trial court denied his motion to exclude the juror for cause. Thereafter, an objectionable juror was seated when the defendant had used all of his remaining peremptory challenges and the trial court refused defendant's subsequent requests for additional peremptory challenges.
The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given by the court. State v. Williams, 465 So.2d 1229 (Fla. 1985); Davis v. State, 461 So.2d 67 (Fla. 1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985); Jefferson v. State, 489 So.2d 211 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla. 1986); Waddell v. State, 458 So.2d 1140 (Fla. 5th DCA 1984), review denied, 466 So.2d 218 (Fla. 1985). If there is a basis for a reasonable doubt as to any juror's possessing that state of mind which will enable him to render an impartial verdict solely on the evidence submitted and the law announced at the trial, he should be excused. Moore v. State, 525 So.2d 870 (Fla. 1988); Hill v. State, 477 So.2d 553, 556 (Fla. 1985), appeal after remand, 515 So.2d 176 (Fla. 1987) cert. denied, ___ U.S. ___, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988); Jefferson, 489 So.2d at 212; Graham v. State, 470 So.2d 97 (Fla. 1st DCA 1985) citing Singer v. State, 109 So.2d 7 (Fla. 1959).
In the case at bar, during voir dire, prospective juror Brechner responded to the questions of counsel in a manner which was arguably prejudicial to Latin defendants such as Farias. Brechner commented to the prosecutor: "Well, I've lived in Dade County 33 years, before there was cocaine and drugs and before a lot of Latin people, more or less, came and took over the area." Later, upon questioning by Farias' attorney, Brechner reiterated: "I grew up in this town for the last 33 years. I watched it change. I watched it Latinized. I have certain feelings about that." Finally, counsel for Farias stated: "You can't change that cumulative experience and the formation of those opinions," to which Brechner responded: "Probably not." While Brechner asserted that he had no animosity towards Farias, personally, the doubts about this juror were not adequately resolved by the trial court and we find it was error not to excuse him for cause. See Club West, Inc. v. Tropigas of Florida, Inc., 514 So.2d 426 (Fla. 3d DCA *203 1987), review denied, 523 So.2d 579 (Fla. 1988).
As noted above, the defendant had to use a peremptory challenge to exclude Brechner. Farias was then forced to accede to an objectionable juror because he had by then exhausted his peremptory challenges. It is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause since it has the effect of abridging the right to exercise peremptory challenges. Smith v. State, 516 So.2d 43 (Fla. 3d DCA 1987); see Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981); see also Anderson v. State, 463 So.2d 276 (Fla. 3d DCA 1984), review denied, 475 So.2d 693 (Fla. 1985), cert. denied, ___ U.S. ___, 108 S.Ct. 2870, 101 L.Ed.2d 905 (1988). Because of this error, defendant's convictions must be reversed and the cause remanded for a new trial.
On a second point, Farias claims that the prosecution failed to prove that he had actual knowledge that the substance in his possession was cocaine, this being a necessary element of the offense for which he was convicted. See § 893.135, Fla. Stat. (1987). We affirm the trial court's decision as to the sufficiency of that evidence. See Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984).
Accordingly, we reverse the defendant's conviction and remand for a new trial.