543 So.2d 377 (1989)
Ruben ORTIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-494.
District Court of Appeal of Florida, Third District.
May 16, 1989.
*378 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott, Asst. Atty. Gen., for appellee.
Before FERGUSON, JORGENSON and LEVY, JJ.
PER CURIAM.
Ruben Ortiz appeals from a judgment of conviction and sentences for first-degree arson and three counts of first-degree murder. For the following reasons, we reverse and remand for a new trial.
During voir dire, one veniremember, Ms. Arnold, stated that she had read newspaper accounts of the fire which Ortiz was charged with setting and had concluded that Ortiz was guilty. Upon further questioning by the court as to her ability to render a fair and impartial verdict, Ms. Arnold's response was, "I could try, yes." The trial court denied Ortiz's challenge of Ms. Arnold for cause; Ortiz exercised a peremptory challenge to excuse her.
A second veniremember, Ms. Splawn, worked as a secretary in the state attorney's office and had worked with the attorneys who were prosecuting Ortiz. Moreover, she was married to a firefighter employed by the City of Miami Fire Department which had investigated the fire. Ms. Splawn told the prosecutor twice that both her employment and her husband's employment might affect her ability to be fair and impartial. When asked for the last time whether she could base a verdict solely on the evidence, her response was, "I believe so." Ortiz challenged Ms. Splawn for cause; the court denied that challenge as well. Ortiz exercised another peremptory challenge and thus exhausted his allotment. He requested additional peremptory challenges and advised the court that he wished to strike another prospective juror for cause. The trial court denied that peremptory challenge as well as Ortiz's request for additional challenges.
The trial court abused its discretion in denying Ortiz's challenges of Ms. Arnold and Ms. Splawn. Although trial courts are afforded "broad discretion regarding juror bias," State v. Williams, 465 So.2d 1229, 1231 (Fla. 1985) (citation omitted), that discretion is not unlimited. Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), rev. denied, 407 So.2d 1106 (Fla. 1981).
The test for determining the competence of a juror is not whether he will be able to control any bias or prejudice but rather whether he may lay aside those considerations and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court. Where there is any reasonable *379 doubt as to a juror's possessing the requisite state of mind so as to render an impartial verdict, the juror should be excused, and the defendant given the benefit of the doubt.
Leon v. State, 396 So.2d at 205 (citations omitted). Ms. Arnold's candid admission that, upon reading the newspaper account of the fire, she had "felt at that time that he had done it [and] he was guilty," disqualified her from service on the jury even after she stated that she would try to render a fair and impartial verdict after listening to the evidence.
[A] juror's statement that he can and will return a verdict according to the evidence submitted and the law announced at the trial is not determinative of his competence, if it appears from other statements made by him or from other evidence that he is not possessed of a state of mind which will enable him to do so.
Leon v. State, 396 So.2d at 205 (quoting Singer v. State, 109 So.2d 7, 24 (Fla. 1959)). The trial court should have granted Ortiz's challenge of Ms. Arnold.
The trial court also should have granted Ortiz's challenge of Ms. Splawn. Employment by a law enforcement agency does not automatically disqualify a juror from serving. State v. Williams, 465 So.2d at 1230-31. Here, however, Ms. Splawn stated that "there may be" something about her employment that would affect her decision. Although she also stated that she could base her verdict solely on the evidence, her responses to the questions were sufficiently equivocal to require the trial court to excuse her for cause. See Jefferson v. State, 489 So.2d 211 (Fla. 3d DCA) (trial court abused its discretion in refusing to dismiss for cause potential juror whose husband was employed by circuit court clerk's office, where potential juror gave equivocal responses to questions about effect of husband's employment on her ability to render impartial verdict), rev. denied, 494 So.2d 1153 (Fla. 1986).
The trial court's abuse of discretion in refusing to discharge Ms. Arnold and Ms. Splawn requires reversal. "It is reversible error for a court to force a party to use peremptory challenges on persons who should have been excused for cause, provided the party subsequently exhausted all of his or her challenges, and an additional challenge is sought and denied." Gibson v. State, 534 So.2d 1231, 1233 (Fla. 3d DCA 1988) (quoting Hill v. State, 477 So.2d 553 (Fla. 1985), cert. denied, ___ U.S. ___, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988)). Ortiz exhausted his peremptory challenges, and the court denied his request for additional peremptory challenges. Accordingly, we must reverse and remand for a new trial.[1]
Reversed and remanded for a new trial.
NOTES
[1] This case presents a second ground for reversal. During jury deliberations, the trial judge absented herself from the courthouse. When the jury requested reinstruction on the different degrees of murder, the judge responded by telephone. Counsel wrote the judge's instructions on a piece of paper which was given to the jury. "[C]ommunications from the jury must be received from the trial judge in person and ... the absence of the judge when a communication is received and answered is reversible error." Brown v. State, 538 So.2d 833, 836 (Fla. 1989). Such error is fundamental, Brown, 538 So.2d at 835, and requires reversal of Ortiz's conviction.