570 So.2d 1082 (1990)
Melvyn M. GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-938.
District Court of Appeal of Florida, Third District.
December 4, 1990.
Bennett H. Brummer, Public Defender, and Louis K. Nicholas II, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Melvyn M. Garcia, appeals from a final judgment of conviction and sentence entered against him for manslaughter with a firearm and for unlawful possession of a firearm while engaged in a criminal offense. We reverse and remand for a new trial.
During jury selection, the trial court erroneously declined to excuse a juror for cause, notwithstanding the fact that the statements made by the juror during voir dire raised reasonable doubt about her competency as a juror.[1]See Blye v. State, 566 So.2d 877 (Fla. 3d DCA 1990); Salazar v. State, 564 So.2d 1245 (Fla. 3d DCA 1990). This reasonable doubt remained despite *1083 the juror's answers to leading questions about her ability to follow the law. See Club West, Inc. v. Tropigas of Fla., Inc., 514 So.2d 426 (Fla. 3d DCA 1987); Leon v. State, 396 So.2d 203 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981). The defendant was forced to exhaust his other peremptory challenges and was unable to obtain additional peremptory challenges. Therefore, reversal is required. See Hill v. State, 477 So.2d 553, 556 (Fla. 1985); Blye, 566 So.2d at 877; Salazar, 564 So.2d at 1245; Leon, 396 So.2d at 203.
Since this point is dispositive, we do not need to address defendant's remaining points on appeal.
Reversed and remanded for a new trial.
NOTES
[1] The record reveals the following voir dire of that prospective juror:

[MR. ACOSTA: Prosecutor] Do you all agree that you can abide by the law in determining when a weapon is used justifiably in self-defense and when it is not; that you will listen to the law as the judge gives to you, that you will apply it fairly to the facts of the case? Anyone think they'll have a problem with that?
Anyone so anti or so pro gun control that the mere fact that somebody had a gun already biases you against that person? Is there anyone here who feels that way?
Okay. Miss Trio.
MS. TRIO: I hate guns, I hate the sight of them.
I almost got killed, and I just don't like anything to do with guns.
MR. ACOSTA: Okay.
Let me see if I can just go over briefly with you again 
Understanding you feelings, you understand that the law, like it or not, in the State of Florida, allows people to possess handguns?
MS. TRIO: I understand.
MR. ACOSTA: Okay.
And, that people who possess handguns are abiding by the law because the law allows them to possess them.
You understand that?
MS. TRIO: Yes.
MR. ACOSTA: Okay
Now, it's only when the gun is used in an unlawful manner that it becomes illegal.
MS. TRIO: Right.
MR. ACOSTA: And, do you agree that given the situation where we do allow people to have guns, that those laws which set out the parameters, if you will, or what situations  in which situations people can use those guns, that those laws need to be strictly abided by and adhered to?
MS. TRIO: Yes.
MR. ACOSTA: Okay
Now, are you going to be able to give the defendant a fair trial in this case knowing that a gun was involved?
MS. TRIO: I really don't know.
MR. ACOSTA: Can you follow the law?
The judge tells you this is the law, and you've taken an oath to uphold the law.
Will you be able to do that?
MS. TRIO: I'll follow the law, yeah.
MR. ACOSTA: So, you will follow the instructions as the judge gives them to you?
MS. TRIO: Right, right.
MR. ACOSTA: Okay.
Fair enough. Thank you.