586 So.2d 1335 (1991)
Eustache HENRY, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2093.
District Court of Appeal of Florida, Third District.
October 8, 1991.
*1336 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel and Richard Feckter, Asst. Attys. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
Eustache Henry appeals judgments of conviction and sentences for attempted armed robbery with a deadly weapon and armed robbery with a deadly weapon. We reverse.
Henry seeks reversal because the trial court refused to excuse a prospective juror for cause even though the prospective juror, Valgene Simmons, was a legal secretary in the employ of the state attorney. During voir dire, conducted by the court, Simmons stated that she worked in the state attorney's office; that she knew Andy Hague, the assistant state attorney prosecuting the case; and that she knew the presiding judge. The court inquired:
THE COURT: Would your working in the State Attorney's Office influence your ability to be fair and impartial as a juror?
MS. SIMMONS: I don't think so.
THE COURT: You can't equivocate. Can you do it, can you base it on the evidence or what would happen and the State did not prove their case beyond a reasonable doubt and you are on the jury, would you be afraid Andy Hague would see you in the hallway and say, "How can you do that?"
MS. SIMMONS: Yes.
THE COURT: You don't have to worry about me because I am neutral. Can you put aside the fact you work for the State Attorney's Office and be fair and impartial?
MS. SIMMONS: Yes, sir.
THE COURT: You can hold the State to their burden of proving their case beyond a reasonable doubt?
MS. SIMMONS: Yes.
THE COURT: You are not going to cut him any extra breaks and hold it against [defense counsel]?
MS. SIMMONS: No.
THE COURT: If there is a reasonable doubt you will find the Defendant not guilty absolutely?
MS. SIMMONS: Okay.
During subsequent voir dire, Simmons stated that she did not work for Andy *1337 Hague, but that she had known him for seven years. She further stated that she was married to a corrections officer. When Henry sought to excuse Simmons for cause, the trial court denied the challenge. Henry exercised a peremptory challenge to excuse Simmons and, after exhausting his remaining peremptory challenges, requested an additional peremptory challenge to excuse prospective juror Isabel Berrios. The trial court denied Henry's request and Berrios served on the jury.
We hold that the trial court abused its discretion in denying Henry's challenge for cause directed to prospective juror Simmons. Although Simmons' employment at the state attorney's office does not provide an inherent reason to preclude her service on the jury, her employment presents a compelling inference that she would be partial to the state. Absent a strong showing to the contrary, the failure to exclude such juror for cause constitutes an abuse of discretion. Ortiz v. State, 543 So.2d 377 (Fla. 3d DCA 1989). Here, the record fails to disclose the requisite showing of impartiality. The voir dire examination of Simmons persuades us that she could not "lay aside any bias or prejudice and render [her] verdict solely upon the evidence presented and the instructions on the law given to [her] by the court." Pentecost v. State, 545 So.2d 861, 862 (Fla. 1989) (quoting Lusk v. State, 446 So.2d 1038, 1041 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984)). Simmons' equivocal and ambiguous responses to the court's initial inquiry raised a reasonable doubt as to her ability to render an impartial verdict. Ortiz.
Although Simmons' responses to the court's subsequent leading questions were unequivocal, those answers are not dispositive of her competence to serve in light of her initial responses. Singer v. State, 109 So.2d 7 (Fla. 1959); Ortiz; Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989); Leon v. State, 396 So.2d 203 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla. 1981). The later responses to the court's leading questions reflect a desire to please the court, but do not dissipate the reasonable doubt raised by previous equivocal statements. Singer, 109 So.2d at 24; Garcia v. State, 570 So.2d 1082 (Fla. 3d DCA 1990); Price; Club West, Inc. v. Tropigas of Fla., Inc., 514 So.2d 426 (Fla. 3d DCA 1987), review denied, 523 So.2d 579 (Fla. 1988). When Simmons' responses are considered in their totality, it is apparent that a reasonable doubt existed as to whether she could be an impartial juror. Hamilton v. State, 547 So.2d 630 (Fla. 1989); see Trotter v. State, 576 So.2d 691 (Fla. 1991). Accordingly, the trial court abused its discretion in refusing to excuse Simmons for cause. Ortiz; Price; Jefferson v. State, 489 So.2d 211 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla. 1986).
The trial court's refusal to excuse Simmons for cause constitutes reversible error. Henry exhausted his peremptory challenges and requested an additional peremptory challenge to excuse an objectionable juror; the court's refusal permitted an objectionable juror to serve on the jury. Trotter; Penn v. State, 574 So.2d 1079 (Fla. 1991); Floyd v. State, 569 So.2d 1225 (Fla. 1990); Pentecost; White v. State, 579 So.2d 784 (Fla. 3d DCA 1991). Henry need not demonstrate that a biased juror was seated; it is sufficient that he attempted to use a peremptory challenge to excuse an objectionable juror who served on the jury.[1]Trotter, 576 So.2d at 693-93; Pentecost, 545 So.2d at 863 n. 1.
Accordingly, we reverse and remand for *1338 a new trial.[2]
HUBBART, J., concurs.
COPE J., specially concurring with opinion.
COPE, Judge (specially concurring).
I concur that there must be a new trial, and agree that the case is correctly analyzed within the framework provided by Ortiz v. State, 543 So.2d 377 (Fla. 3d DCA 1989).
In my view, however, the Ortiz decision does not go far enough. A challenge for cause should always be granted where the prospective juror is an employee of legal counsel who is handling the case.
Here, the state attorney was prosecuting a criminal case, and as such the state attorney's office was the law firm representing the state. It is beyond belief that we would permit one of the employees of the prosecutor's office to serve on a criminal jury in which that prosecutor's office serves as counsel. To do so would undermine all confidence in the fairness of the deliberative process. For that reason I disagree with that portion of the majority opinion which states that "Simmons' employment at the state attorney's office does not provide an inherent reason to preclude her service on the jury... ."
While correct results have been reached in both Ortiz and the present case, the Ortiz rule should be strengthened. A challenge for cause should invariably be granted when the prospective juror is an employee of the legal counsel  state attorney, public defender, or private law firm  in the case being tried.[1],[2]
NOTES
[1] As the court stated in Trotter v. State, 576 So.2d 691, 693 (Fla. 1991): "Where a defendant seeks reversal based on a claim that he was wrongfully forced to exhaust his peremptory challenges, he initially must identify a specific juror whom he otherwise would have struck peremptorily. This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted." (Notes omitted).
[2] Because we reverse and remand for a new trial, we find it unnecessary to consider the remaining issues.
[1] I do not suggest that the state attorney's employees are disqualified from all jury service. There would be no reason for such an exclusion, for example, in civil cases where the state attorney is not counsel handling the matter.
[2] In civil cases this follows from the text of Florida Rule of Civil Procedure 1.431(c)(1).