PER CURIAM.
Appellant, Anthony Canty, appeals his conviction for robbery after he was tried by a jury. The issues he raises concern the selection of the jury. We reverse and remand.
Appellant argues that the trial court erred by refusing to grant a defense challenge for cause of a prospective juror. The prospective juror was previously burglarized and appellant’s counsel represented one of the perpetrators in this juror’s burglary. More significantly, appellant’s counsel had deposed the juror concerning her burglary.
The State argues that the juror’s prior contact with defense counsel is not disposi-tive of the issue, as long as the juror can express her ability to remain impartial.[1] The State disputes that the challenged juror should have been excused for cause.
We find the juror should have been excused:
The test for determining the competence of a juror is not whether he will be able to control any bias or prejudice but rather whether he may lay aside those considerations and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court. Where there is any reasonable doubt as to a juror’s possessing the requisite state of mind so as to render an impartial verdict, the juror should be excused and the defendant given the benefit of the doubt.
Leon v. State, 396 So.2d 203 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla.1981).
Nothing can raise more doubts about a juror’s impartiality than a previous contact with a party, or their attorney. Johnson v. Reynolds, 97 Fla. 591, 121 So. 793 (1929); Henry v. State, 586 So.2d 1335 (Fla. 3d DCA 1991); Ortiz v. State, 543 So.2d 377 (Fla. 3d DCA 1989); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989); Jefferson v. State, 489 So.2d 211 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla.1986). Sikes v. Seaboard Coast Line Railroad Company, 487 So.2d 1118 (Fla. 1st DCA), review denied, 497 So.2d 1218 (Fla.1986).
As a result of the failure of the trial court to excuse the juror for cause, appellant was compelled to use a peremptory challenge. Thereafter, appellant exhausted his peremptory challenges, and was denied an additional peremptory to strike a juror which was eventually seated. In this case, the contact between the attorney and the juror had been of an adversarial nature. This juror should have been excused. The improper denial of a challenge for cause, under the circumstances of this *929 case, constitutes reversible error. See Trotter v. State, 576 So.2d 691 (Fla.1990); Hill v. State, 477 So.2d 553 (Fla.1985); Henry v. State, 586 So.2d 1335 (Fla. 3d DCA 1991).
Since the foregoing issue is dispositive, it is not necessary to address appellant’s second issue. Accordingly, we reverse appellant’s conviction and remand for a new trial.
Reversed and remanded.

. We note, additionally, that the juror stated, on the record: "I can’t be fair.”