PER CURIAM.
Dwight Golden, the defendant, appeals his conviction of burglary of an occupied dwelling, a second-degree felony, and pos *3 session of burglary tools, a third-degree felony. The appellant also challenges the sentence imposed, as a habitual offender to a concurrent 25-year term of imprisonment in connection with the possession of burglary tools charge.
The defendant argues first that the trial court erred in denying the defendant’s challenge for cause of a prospective juror who stated during jury selection that she was once robbed at gunpoint, and felt the defendant in that case did not receive an adequate sentence. A review of the record reveals that the trial judge questioned the juror and specifically asked: “Could you make a decision based upon whether or not the State would prove the case, if they prove the case, find him guilty. If they don’t prove the case, find him not guilty, just that simple. Can you do that?” The juror answered: “Yes,” thus demonstrating her ability to be fair and impartial. Accordingly, in the absence of a showing that the juror was unable to be fair and impartial, the trial court did not err in allowing the juror to remain on the panel. See Anderson v. State, 463 So.2d 276 (Fla. 3d DCA), review denied, 475 So.2d 693 (Fla.1985), cert. denied, 487 U.S. 1217, 108 S.Ct. 2870, 101 L.Ed.2d 905 (1988); Moore v. State, 299 So.2d 119 (Fla. 3d DCA 1974); Gavin v. State, 259 So.2d 544 (Fla. 3d DCA), cert. denied, 265 So.2d 370 (Fla.1972).
We also find without merit the defendant’s contention that he is entitled to a reversal because the trial court erred in making an evidentiary ruling at trial. Any error in the admission of the alleged hearsay testimony was cumulative in nature and not of sufficient magnitude to reflect that it affected the outcome of the case. See Jackson v. State, 575 So.2d 181 (Fla.1991); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
As to the defendant’s final argument that he was improperly sentenced, we reverse the sentence based on the State’s correct confession of error. Section 775.-084(4), Florida Statutes (1991), provides that third degree felonies are punishable under the habitual-offender statute by a maximum term of ten years of imprisonment. The term on the burglary-tools conviction is excessive by 15 years and, therefore, that sentence must be reversed and the cause remanded for appropriate resen-tencing on that count. See Wilcox v. State, 585 So.2d 1136 (Fla. 3d DCA 1991); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
Affirmed in part, reversed in part, and remanded for resentencing.