608 So.2d 888 (1992)
Cesar DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-864.
District Court of Appeal of Florida, Third District.
November 3, 1992.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
This is an appeal by the defendant Cesar Diaz from final judgments of conviction and sentences for aggravated battery with a firearm, auto theft, and unlawful possession of a firearm while engaged in a criminal offense, which were entered below based on an adverse jury verdict; we reverse and remand for a new trial. In our view, the trial court committed reversible error in denying the defendant's motion to challenge for cause the prospective juror, Gisselle Salermo, because on this record there was a reasonable doubt as to whether this juror possessed a state of mind which would have enabled her to render an impartial verdict based solely on the evidence submitted and the law as instructed by the court.[1] We reach this result for two reasons.
First, Ms. Salermo stated during jury selection, as some jurors will mistakenly do at times, that she would require the defendant to present at least some evidence at trial to prove that the defendant was innocent ["At least one thing, to prove he's not guilty. At least one thing."]; moreover, she was not thereafter informed by the court or counsel that this view was contrary to the law and should be set aside. Ms. Salermo also stated during jury selection that she had recently been shot with a firearm and opined the sweeping view that if a person carried a firearm  as did the defendant in this case  he/she was, in effect, demonstrating an extremely belligerent and violent attitude to the world. She stated:
"You know, if you're carrying it [a gun], you're saying, `Oh, I'm tough. Come with me. I want to practice. Do you want to be my target?' That's what you're really doing with somebody.
The [other] person's probably unarmed. They [the person with a gun] just want to take something from you, you know, anything, or that they mess with you in the wrong way, you know, `Oh, you mess with me. Here. Pow. You're dead.'"
(T. 346-47). Most importantly, however, she did not thereafter retract or modify the above views  i.e., her (a) evidence of innocence, and (b) gun views  in response to other questions posed to her by counsel or the court, as such questions were never asked. Absent such rehabilitation, it is therefore clear that this juror should have been excused for cause because, on this record, there was a reasonable doubt as to whether the juror could follow the court's instruction on the presumption of innocence and could otherwise fairly evaluate the evidence in the case.[2]
*890 Second, this erroneous denial of the defendant's challenge for cause constitutes a reversible error in this case because (a) the defendant "wasted" a peremptory challenge on Ms. Salermo in order to strike her from the jury panel and thereafter exhausted all of his peremptory challenges, and (b) the defendant asked for and was denied an additional peremptory challenge [a peremptory challenge which he would have had if he had not been forced to "waste" one on Ms. Salermo] so that he could strike a juror who, in fact, served on the jury in this case, and, accordingly, was required to accept an "objectionable" juror in the cause. Trotter v. State, 576 So.2d 691, 693 (Fla. 1990). We reject the state's contention that the defendant must show that the "objectionable" juror in question either is (a) one who was otherwise challengable for cause or (b) one whom the defendant had an objective reason to excuse. It is sufficient if the defendant, as here, unsuccessfully attempts to challenge the "objectionable" juror peremptorily; no reasons need be assigned for such a peremptory challenge. Henry v. State, 586 So.2d 1335 (Fla. 3d DCA 1991). As stated by the Court in Trotter,
"Where a defendant seeks reversal based on a claim that he was wrongfully forced to exhaust his peremptory challenges [after "wasting" a peremptory challenge on a juror who should have been excused for cause], he initially must identify a specific juror whom he otherwise would have struck peremptorily. This juror must be an individual who actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted."
Id. at 693 (footnotes omitted) (parenthetical and emphasis added).
The other points raised on appeal do not present reversible error. The final judgments of conviction and sentences under review are reversed and the cause is remanded for a new trial.
Reversed and remanded.
NOTES
[1] Singer v. State, 109 So.2d 7, 23-24 (Fla. 1959); accord Bryant v. State, 601 So.2d 529 (Fla. 1992); Hamilton v. State, 547 So.2d 630, 632 (Fla. 1989); Jefferson v. State, 489 So.2d 211, 212 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla. 1986); Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), rev. denied, 407 So.2d 1106 (Fla. 1981).
[2] Hamilton v. State, 547 So.2d 630, 633 (Fla. 1989) (juror's statement that defendant would be required to introduce evidence to convince her that he was not guilty, pointedly demonstrated her preconceived opinion of guilt, and since, "[e]ssentially, this juror would require a defendant to prove his or her innocence rather than require the state to prove the defendant's guilt," she "did not possess the requisite impartial state of mind necessary to render a fair verdict and should have been dismissed from the jury pool"); Powell v. State, 131 Fla. 254, 262, 175 So. 213, 216 (1937) ("The accused, guilty or innocent, is entitled to the presumption of innocence in the mind of every juror until every element of the offense charged against him has been proved by competent evidence adduced upon the trial beyond a reasonable doubt. This is not accomplished when a juror is taken upon a trial whose mind is in such condition that the accused must produce evidence of his innocence to avoid a conviction at the hands of that juror."); Garcia v. State, 570 So.2d 1082, 1082 n. 1 (Fla. 3d DCA 1990) (in prosecution for manslaughter with a firearm, court should have excused juror who stated: "I hate guns, I hate the sight of them. I almost got killed, and I just don't like anything to do with guns."); Gibson v. State, 534 So.2d 1231, 1232 (Fla. 3d DCA 1988) (juror who indicated that she would require defendant to testify in order to find him not guilty, because "I feel if they are innocent, they can tell their side of the story to the judge," should have been excused for cause); see also Jefferson v. State, 489 So.2d 211, 212 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla. 1986).