555 So.2d 954 (1990)
Raffaele IMBIMBO, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3390.
District Court of Appeal of Florida, Fourth District.
January 24, 1990.
*955 Peter Birch of Birch and Murrell, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Celia A. Terenzio and Don M. Rogers, Asst. Attys. Gen., West Palm Beach, for appellee.
LETTS, Judge.
During voir dire, a juror admitted that she "probably" would be prejudiced but "probably" could follow the judge's instructions. The defendant's challenge for cause was denied. We reverse.
We see no reason to elaborate on the colloquy alluded to above, other than to reiterate that reasonable doubt as a juror's state of mind should result in him or her being excused, Longshore v. Fronrath Chevrolet, Inc., 527 So.2d 922, 923 (Fla. 4th DCA 1988), and write primarily to explain why the error was not harmless. It is true that the defendant used a peremptory challenge to excuse the prejudiced juror, but he also used up all his peremptory challenges and his request for additional challenges was denied. As we said in Longshore v. Fronrath Chevrolet, Inc.:
If, because of an erroneous denial of a challenge for cause, a party is forced to exhaust his or her peremptory challenges and, subsequently makes a request for additional peremptory challenges which is denied ... an appellate court will reverse and grant a new trial... .
Id. at 923.
We also note, and at oral argument both counsel agreed, that the trial court's "Judgment, Sentence and Order Placing Defendant on Probation ..." dated January 6, 1988, is in error. The jury clearly found appellant not guilty of leaving the scene of an accident involving personal injury.
Accordingly, we reverse and remand for a new trial on the two counts remaining.
REVERSED and REMANDED.
POLEN, J., and KANAREK, PAUL B., Associate Judge, concur.