564 So.2d 1245 (1990)
Humberto Avila SALAZAR, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1221.
District Court of Appeal of Florida, Third District.
August 7, 1990.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Monique T. Befeler, Asst. Atty. Gen., for appellee.
Before FERGUSON, JORGENSON and GODERICH, JJ.

*1246 CONFESSION OF ERROR
PER CURIAM.
The defendant, Humberto Salazar, appeals from a judgment of conviction and sentence entered against him for robbery based on an adverse jury verdict. We reverse and remand for a new trial.
The trial court erred in refusing to excuse for cause prospective juror Evans. During voir dire, Ms. Evans was asked whether the fact that her elderly mother had recently been raped and robbed would affect her ability to fairly decide the defendant's case. Ms. Evans stated: "Strange thing, I would hope not. I would hope I could be fair but I guess there is always that doubt." This statement reiterated the reasonable doubt existing in this juror's state of mind. Therefore, as the state properly concedes, the trial court erred in failing to excuse Ms. Evans for cause where a reasonable doubt existed as to her ability to be impartial. See Imbimbo v. State, 555 So.2d 954 (Fla. 5th DCA 1990); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989); Smith v. State, 516 So.2d 43 (Fla. 3d DCA 1987).
This error harmed the defendant since (1) he was forced to exercise a peremptory challenge against Ms. Evans when she should have been excused for cause; (2) he exhausted all of his allotted peremptory challenges; and (3) he was denied additional peremptory challenges. See Hill v. State, 477 So.2d 553, 556 (Fla. 1985); Smith v. State, 516 So.2d 43 (Fla. 3d DCA 1987). Since this point is dispositive, we do not need to reach defendant's remaining point on appeal. For these reasons, the final judgment of conviction and sentence under review is reversed, and the cause is remanded to the trial court for a new trial.
Reversed and remanded.