567 So.2d 926 (1990)
The CITY OF LIVE OAK, Florida, Appellant,
v.
Arlie K. TOWNSEND and Rossie Townsend, His Wife, and Robert J. Sparks and Irma M. Sparks, Appellees.
Nos. 89-148, 89-621.
District Court of Appeal of Florida, First District.
September 5, 1990.
Rehearing Denied November 1, 1990.
*927 Ernest Sellers and James W. Prevatt, Jr., of Airth, Sellers, Lewis, Decker & Prevatt, Live Oak, for appellant.
William L. Coalson, Jacksonville, for appellee/Townsend.
William J. Haley and Bruce G. Duncan, of Brannon, Brown, Haley, Robinson & Cole, P.A., Lake City, for appellee/Sparks.
MINER, Judge.
Among the issues presented for our review in this consolidated appeal is whether the trial court abused its discretion in denying appellant's challenges for cause directed to certain prospective jurors in an eminent domain proceeding. Finding such an abuse of discretion, we reverse on this issue without reaching the other questions raised.
During voir dire examination, the attorney for the condemning authority, City of Live Oak, asked certain questions of prospective jurors designed to highlight any biases they may have toward the power of eminent domain, generally, and with respect to the facts of the case at hand, in particular. While perhaps not models of clarity, these questions dealt primarily with matters of full and just compensation and fair market value. The attorney stressed repeatedly that condemnees were entitled to receive full and just compensation or fair market value for their property. Questioning the prospective jurors individually, he asked them if they would award the affected landowners more than fair market value based on sentiment or because the landowners were reluctant to part with their property, etc.
Because of their responses to the questions asked, appellant's attorney lodged challenges for cause against prospective jurors Johnson, Allen, Gray, Merrill, Horne, Knosher, Bohannon and Carver. In each case, the trial court denied the challenge for cause, forcing the city to use its remaining peremptory challenges to excuse venirepersons Horne, Allen, Merrill and Gray. Before the jury was sworn, the attorney for the city unsuccessfully renewed his request that the above named prospective jurors be excused for cause because he was still dissatisfied with the composition of the jury about to be seated. Of those venirepersons the city tried to excuse for cause, Johnson, Knosher, Bohannon and Carver were seated as jurors.
Review of the record reflects that each of the prospective jurors challenged for cause should have been excused. Prospective juror Johnson made it clear he had a strongly fixed opinion that the landowner is entitled to something extra if his land was taken against his will. He would give the landowner something extra even if the judge told him that would be improper.
Juror Knosher felt that the landowner should be compensated for inconvenience whether or not the law provided for recovery for inconvenience. Juror Bohannon expressed the view that she would vote to compensate the landowner an extra amount because the property was taken against his will. Juror Carver admitted to a 20-year friendship with Mr. Townsend, one of the landowners involved in the case. Additionally, he said he would award more than fair market value even if instructed otherwise.
Prospective juror Allen said he felt it was wrong to take someone's residence and that he would include in the calculation of compensation a factor to account for how strongly the condemnee felt about losing his home. Prospective juror Gray stated that taking someone's home "enrages" her and that her feelings were so strong on that score she would vote to give the condemnee whatever he requested.
Prospective juror Merrill expressed the view that a landowner should get something extra if he does not want to give up his land. Venire person Horne was opposed to eminent domain proceedings and *928 would award something extra irrespective of the testimony.
The sine qua non of our system of trial by jury is that juries should be comprised of fair and impartial members who stand indifferent to the outcome of the proceeding. A prospective juror should be excused for cause if there is a reasonable doubt as to whether he or she will be able to render an impartial verdict based solely on the evidence and the law. Club West, Inc. v. Tropigas of Florida, Inc., 514 So.2d 426 (Fla. 3d DCA 1987); Hill v. State, 477 So.2d 553 (Fla. 1985); Smith v. State, 516 So.2d 43 (Fla. 3d DCA 1987); Salazar v. State, 564 So.2d 1245 (Fla. 3d DCA 1990).
Here, there was considerably more than a reasonable doubt as to the impartiality of the challenged prospective jurors. Such doubt was manifest and harmful to appellant. First, the city was forced to use its remaining peremptory challenges on prospective jurors Allen, Merrill, Horne and Gray, all of whom should have been excused for cause. Secondly, the city's counsel renewed his request that prospective jurors Johnson, Knosher, Bohannon and Carver be excused for cause. True, he did not specifically request additional peremptory challenges in so many words. However, had his renewed challenges for cause directed to the prospective jurors upon whom he had been required to expend his remaining peremptory challenges been granted, his peremptory challenges would have been restored and available to challenge the jurors Johnson, Knosher, Bohannon and Carver, who likewise should have been excused for cause. Thus, we view his unavailing renewed cause challenges as the functional equivalent of a request for additional peremptory challenges which was denied, thereby entitling him to raise the matter on appeal. To hold otherwise would be to embrace form and eschew substance.
REVERSED and REMANDED.
WIGGINTON and ALLEN, JJ., concur.