571 So.2d 551 (1990)
Arthur MANN, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2888.
District Court of Appeal of Florida, Third District.
December 18, 1990.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before JORGENSON, GERSTEN and GODERICH, JJ.

*552 CONFESSION OF ERROR
PER CURIAM.
The defendant, Arthur Mann, appeals his conviction and sentence for attempted first-degree murder. We reverse and remand.
The defendant was charged by information with attempted first-degree murder, robbery, and two counts of unlawful possession of a firearm. The two counts of unlawful possession of a firearm were severed from the information, and the defendant stood trial on the charges of attempted first-degree murder and robbery.
During jury selection, prospective juror Eleanor Phillips was questioned by the trial court regarding possible ties to law enforcement. Ms. Phillips revealed that her brother-in-law is a Miami Beach police officer and that her godson was a police officer who was killed. The trial court asked her whether she could be a fair and impartial juror. Ms. Phillips responded: "Well, I don't know what the story is. I will certainly try to be." The trial court explained that this case did not involve a crime against a police officer. In response, Ms. Phillips stated: "I could be fair. I could be fair."
Thereafter, the prosecutor, Mr. Kostrzewski, also questioned Ms. Phillips regarding her godson. The following colloquy took place:
MR. KOSTRZEWSKI: This case is going to involve Metro Dade police officers or Metro Dade technicians and other police officers.
With that in mind, would you have any grudges in favor of the State that would not allow you to give this man or this defendant a fair trial?
MS. PHILLIPS: I would probably tend to side with them.
MR. KOSTRZEWSKI: You're telling me, could you follow the Judge's instructions completely and put that out of your mind? Could you do that?
MS. PHILLIPS: I would certainly listen to the instructions and try to be as fair as possible. But I'd give greater weight to what the police say.
MR. KOSTRZEWSKI: Would you give the police any more weight than any other person, just depending on the facts and circumstances and situations?
Could you be fair to the police and non-police in the same manner?
MS. PHILLIPS: Depending on what the other person was, and what they are doing or saying.
MR. KOSTRZEWSKI: You're telling me that you could be, say, depending on the facts and circumstances of the particular testimony, and you would follow the Judge's instructions?
MS. PHILLIPS: I would try very hard.
Defense counsel requested the trial court to dismiss Ms. Phillips for cause. The trial court, however, denied this motion. As a result, defense counsel used one of his peremptory challenges to strike Ms. Phillips. Thereafter, defense counsel used all of his allotted peremptory challenges and requested an additional peremptory challenge based on the trial court's refusal to excuse Ms. Phillips for cause. The trial court denied the request.
The State properly concedes that the trial court erred in failing to dismiss prospective juror Phillips for cause, thereby forcing the defense to utilize one of its peremptory challenges, and then refusing to grant its request for an additional peremptory challenge. See Hill v. State, 477 So.2d 553 (Fla. 1985); Garcia v. State, 570 So.2d 1082, (Fla. 3d DCA 1990); Imbimbo v. State, 555 So.2d 954 (Fla. 4th DCA 1990); Salazar v. State, 564 So.2d 1245 (Fla. 3d DCA 1990); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989).
The defendant's remaining point is moot.
REVERSED AND REMANDED.