W. SHARP, Judge.
Massad was convicted of having solicited the first degree murder of a circuit court judge, Jerry Lockett.[1] Her primary argument on appeal is that the trial court erred by not excusing for cause Juror Keenan, pursuant to the defense counsel’s motion, after the defense had exhausted its preemp-tory challenges. The defense relies primarily on Mann v. State, 571 So.2d 551 (Fla. 3d DCA 1990). We affirm.
During voir dire, Juror Keenan stated that her father had been a police officer with the City of Miami for 35 years, that she knew a member of Judge Lockett’s family, and that she was an accountant working for her husband, a physician. She also expressed her surprise that Massad had been charged with solicitation to commit murder, saying it was kind of “hard to believe.” She also said one never knows if a paid informant is being *1135 honest. In fact, Keenan appeared so defense oriented that the prosecution first challenged her because she was an accountant. But when the defense raised a Neil[2] objection, the court disallowed the strike.
Later during the voir dire process, the defense asked: “Is there anybody that really doesn’t want to serve on the jury?” Juror Keenan raised her hand and explained: “Well, I’m not sure. I’ve been in here and I’ve met several of the judges and with my father’s police record and all, I may have some preconceived ideas.”
The defense asked whether those preconceptions “would affect your deliberations, your returning a verdict in this case?” Keenan responded: “Well, I would try not to.” When asked whether she thought it might, she responded: “Possible.”
Defense counsel then asked Keenan: “Are you afraid you are going to be more favorable to the state, is that what it is, or to the defense?” She responded:
You asked if there was anybody here who did not want to serve on the jury. I raised my hand ... and my other general reasons and things that I have to do. I will sit here and do my job the best that I can. I’ll listen to the evidence. But you asked if there was anybody who really didn’t want to.
******
I certainly have a judicial side and the police side on my side — most of my life ... I might be more inclined to believe them.
The trial court addressed the jury as a whole: Keenan and the others responded in the affirmative.
Ladies and Gentlemen, can you listen to the testimony of the witnesses that are called to come and testify before you, listen to the instructions on the law as given to you by the court, and arrive as a fair and impartial jury?
In denying defense counsel’s motion to challenge Keenan for cause, the trial court ruled that Keenan sufficiently stated that she could fairly and impartially try the issues in the case. He pointed out that when the prosecution first tried to challenge Keenan, the defense objected. Now, the prosecution was objecting to her dismissal.
His apparent assessment of the situation was that Keenan had been reluctant to serve as a juror, but that based on her responses, she would be able to lay aside any bias or prejudice she had and would be able to render a verdict based on the evidence presented and the instructions on the law given by the court. Club West, Inc. v. Tropigas of Florida, Inc., 514 So.2d 426 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 579 (Fla. 1988); Hamilton v. State, 547 So.2d 630 (Fla.1989). This is a part-factual determination that must be made by the trial judge who is present in the courtroom, and who can observe the juror’s demeanor, tone of voice, and other nuances which do not come to us as part of the printed transcript.[3] Only if the juror’s bias or prejudice is not overcome with assurances that the juror can, in spite of them, be fair should an appellate court rule as a matter of law that the trial court erred.[4]
The most difficult statement that Juror Keenan made in terms of our ability to affirm this decision, was that she might be more inclined to believe witnesses who were police officers or persons connected with the legal process more than others — regardless of which side they testified for. That proclivity might be crucial in a different ease. However, in this case the two critical witnesses who testified for the state were: first, a paid confidential informant who also was a drug dealer and user, and who admitted he *1136 had lied under oath; and second, a fellow-convict who befriended Massad in prison, and who had 86 or 37 prior felony convictions. No admitted bias or prejudice on the part of Juror Keenan would have led her to give these two witnesses’ testimony greater weight than others.
We think this case is distinguishable from Mann. In that case the state confessed error had occurred because the trial judge did not allow the challenge of the juror for cause. It is not clear that the appellate court would have otherwise overturned the trial judge’s decision not to excuse the Mann juror.
Even if that case stands for a rule of law that should be applicable to another case, this ease is distinguishable. In Mann, the juror revealed that her brother-in-law was a Miami Beach police officer and that her godson was also a police officer killed in the line of duty. When asked by the trial judge if she could be impartial, she said: ‘Well, I don’t know what the story is. I will certainly try to be.” Although she said she could be fair, she later said she would probably tend to side with the state, and would give greater weight to what the police say. She finally concluded she would try very hard to be fair to police and non-police witnesses in the same manner.
Both Juror Keenan and the juror in the Mann case indicated they would tend to believe police witnesses over non-police witnesses. They both said they would try to be fair. However, the juror in the Mann case also said she tended to side with the state’s case. Juror Keenan did not say that. Further, in the Mann case, the witnesses who testified for the state were apparently Metro Dade’police or Metro Dade technicians and other police officers. As pointed out above, in the instant case the crucial witnesses presented by the state against Massad were definitely “non-police” witnesses.
AFFIRMED.
THOMPSON, J., concurs.
GOSHORN, J., concurs with result only.

. § 777.04, FÍa. Stat. (1995).

. State v. Neil, 457 So.2d 481 (Fla.1984).

. Piccott v. State, 116 So.2d 626(Fla.1959); cert. denied, 364 U.S. 293, 81 S.Ct. 106, 5 L.Ed.2d 83 (1960); Hill v. State, 477 So.2d 553 (Fla.1985); State v. Williams, 465 So.2d 1229 (Fla.1985) (trial judge who sees and hears prospective jurors in best position to judge bias and credibility); Singer v. State, 109 So.2d 7, 23 (Fla.1959).

. State v. Williams, 465 So.2d 1229 (Fla.1985); Davis v. State, 461 So.2d 67 (Fla.1984); Lusk v. State, 446 So.2d 1038 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984); Waddell v. State, 458 So.2d 1140 (Fla. 5th DCA 1984), rev. denied, 466 So.2d 218 (Fla.1985).