902 So.2d 846 (2005)
Patricia BELL, Personal Representative of the Estate of Dominique Bell, deceased; on behalf of the Estate of Dominique Bell, deceased; on behalf of herself, Patricia Bell, surviving mother, Appellants,
v.
Allan Mitchell GREISSMAN, M.D., and Pediatric Critical Care of South Florida, P.A., Appellees.
No. 4D03-2743.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
Rehearing Denied June 21, 2005.
*847 Philip Freidin and Manuel L. Dobrinsky of Freidin & Brown, P.A., Miami, for appellants.
Vanessa A. Reynolds and Susanne E. Riedhammer of Conrad & Scherer, LLP, Fort Lauderdale, for appellees.
STONE, J.
Patricia Bell sued for medical malpractice for the wrongful death of her daughter and the jury returned a verdict absolving Appellees. We reverse, concluding that the trial court erred in denying a challenge for cause of a juror whose comments raised significant doubt concerning his ability to be impartial.
During voir dire, Juror Furey stated that he had worked for five years as an investigator for a law firm specializing in medical malpractice defense. Upon being asked if he brought some related feelings to the court, Furey replied, "Honestly I do.... [As a juror] I would try to keep an open mind, but I am definitely of the opinion that [damage awards] need[s] to be capped and it has gone [sic] detrimental to the healthcare system." He declared that his beliefs would "probably" interfere with his obligations as a juror. In response to Appellees' attempt to rehabilitate him, Furey stated, "I would do what I believe is the fair thing, yes. . . ." "[My decision] would be based on my personal beliefs, correct."
The court denied the challenge of Juror Furey for cause and also denied another challenge as to a different juror. Bell exhausted her peremptory challenges, thereby precluding her from challenging two other jurors that she identified as ones against whom she wanted to use peremptory strikes.
We apply a reasonable doubt standard in resolving questions involving jurors' ability to be fair and impartial. It is now well-established that if there is reasonable doubt about the juror's impartiality, the juror should be dismissed for cause. Goldenberg v. Reg'l Import & Export Trucking Co., Inc., 674 So.2d 761 (Fla. 4th DCA 1996).
A new trial is required where the trial court denies a challenge for cause based on a juror's equivocal or conditional responses that are not rehabilitated and where a reasonable doubt exists as to whether the juror possessed the requisite state of mind necessary to render an impartial decision. Salgado v. State, 829 So.2d 342, 344 (Fla. 3d DCA 2002).
We recognize that a trial court is afforded great discretion in ruling on challenges for cause. Morrison v. State, 818 So.2d 432 (Fla.2002); Pentecost v. State, 545 So.2d 861 (Fla.1989); Gore v. State, 706 So.2d 1328 (Fla.1997). Nevertheless, close cases involving challenges to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality. Williams v. State, 638 So.2d 976 (Fla. 4th DCA 1994).
We conclude that the totality of Furey's remarks raised reasonable doubt as to his ability to be impartial. See Imbimbo v. State, 555 So.2d 954 (Fla. 4th DCA 1990) (reasonable doubt found where a juror admitted he "probably" would be prejudiced, even though he then asserted he "probably" *848 could follow the judge's instructions); Goldenberg; Montozzi v. State, 633 So.2d 563 (Fla. 4th DCA 1994); Nash v. Gen. Motors Corp., 734 So.2d 437 (Fla. 3d DCA 1999).
In Goldenberg, a juror was the daughter of an orthopedic surgeon who had been sued for malpractice "many times." The juror related a personal experience with her father and stated "some people are dishonest." This court found it was error for the trial court not to excuse the juror for cause after she had expressed bias, based on her personal experiences, against the particular type of personal injury suit brought by the plaintiffs. Further, the court concluded that the juror was not rehabilitated simply by adding that she was a fair person.
Similarly, in Nash, where the claim was based on a design defect, a prospective juror was challenged for cause after indicating that she harbored prejudices about personal injury lawsuits and that, when she was injured with a potential claim, she had felt compelled not to bring suit against a manufacturer. The juror also was quite clear that she disapproved of awarding money as a means by which to compensate someone for the loss of a loved one. In reversing and granting a new trial, the Nash court found that, in light of the remarks casting doubt as to her impartiality, the juror's subsequent affirmation that she was a fair person and the statement "I think I could be fair" did not sufficiently indicate the juror could set aside her feelings and decide the case solely on evidence submitted.
We recognize that Goldenberg and Nash may be distinguished, in that the prospective jurors in those cases expressed a specific personal bias which called their impartiality into question while, here, Juror Furey expressed skepticism about tort claims in general. However, Furey's skepticism was also coupled with comments reflecting strong bias arising out of his previous personal experience.
In Bell v. State, 870 So.2d 893 (Fla. 4th DCA 2004), this court found reversible error where the trial court denied a challenge for cause after a juror responded "I'd try not to" and "I would give it my best shot" in reference to his previously stated bias. Here, Furey's response, taken as a whole, is not indicative of a neutral mind and was legally insufficient to show rehabilitation and to assure impartiality. A juror is not impartial when one side must overcome a pre-conceived opinion in order to prevail. Hill v. State, 839 So.2d 883 (Fla. 3d DCA 2003). Juror Furey never concealed his pre-disposition to make decisions based on his personal beliefs. He acknowledged that his past experience and his feelings would probably interfere with his impartiality and stated that "I honestly do [think I will bring my feelings to the court], and [although] I would do what I believe is the fair thing ... [i]t would be based on my personal beliefs, correct." Furey said, "I will try to keep an open mind, but I am definitely of the opinion that [damage awards] need[s] to be capped and it has gone [sic] detrimental to the healthcare system."
The denial of the strike for cause forced Bell to exhaust her peremptory challenges, precluding her from expending her challenges on other identified jurors. Therefore, the judgment must be reversed. All other issues raised on appeal are moot.
We also caution Appellees, on re-trial, to avoid repeating certain improper comments made in opening statement, to wit: comments on Dr. Greissman's altruistic character and his love for children. The offending remarks include:
The reason [Dr. Greissman] does it ... is not because there is big money in it. *849 [N]ot because it gives him a fancy office ..., it's because he loves kids.... [H]is office is in the hospital and sometimes his bed is a stretcher lying in the hospital and not getting a wink of sleep so he could take care of the kids. [Dr. Greissman] sees all kids, regardless of [their] ability to pay, regardless of their condition.
We remand for a new trial.
GUNTHER and STEVENSON, JJ., concur.