981 So.2d 2 (2007)
FOUR WOOD CONSULTING, LLC., a Florida limited liability company, Thomas J. Ryan, an individual, and Sherry M. Ryan, an individual, Appellants/cross-appellees,
v.
Alan FYNE, an individual, and Vista Early Childhood Center, Inc., a Florida corporation, Appellees/cross-appellants.
No. 4D06-4586.
District Court of Appeal of Florida, Fourth District.
August 22, 2007.
*3 Shelley H. Leinicke of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellants/cross-appellees.
Philip J. Kantor of Philip J. Kantor, P.A., Pembroke Pines, for appellees/cross-appellants.
STONE, J.
We reverse the final judgment for failure to excuse a juror for cause. The judgment is for breach of contract damages in favor of the buyers and against the sellers of real property and a preschool business. The voir dire record reflects reasonable doubt about the impartiality of juror Green and her ability to be fair.
During voir dire, the trial court asked juror Green if she had ever sued or been sued over anything she bought or sold. The following dialogue ensued:
MS. GREEN: I sued.
THE COURT: What have you sued for?
MS. GREEN: I put my house on the market with a real estate company and I got the run around for six months. All the money wasn't in the escrow. I had to hire an attorney. It turned out to be rather sticky.
THE COURT: Would the fact that you have been involved in a lawsuit cause you to view this case with prejudice one way or the other?
MS. GREEN: It's not a house but I really don't know.
THE COURT: When you say you really don't know is it that you don't know 
MS. GREEN: I have a bad taste. Whenever I think of people defaulting or doing things, you know.
* * *
THE COURT: Would that cause you to view this case with prejudice one way or another? Did something click and you said, oh, well, so and so is right or wrong because of my own personal experience?

*4 MS. GREEN: Probably.

(Emphasis added). Later, the trial court re-addressed juror Green and asked whether Green could separate the problems she herself had experienced from the problems of the parties. Green responded: "Well, I have to tell you the truth, I don't know what their problems really are," but Green re-affirmed that she had a "bad feeling" relating to her own lawsuit. In response, the trial court stated:
But I don't know whether that bad feeling will translate into a prejudice for or against either of these folks. See both parties are entitled to start off at the same beginning point. Like a race, everyone starts off at the same line. At the end of the race is when you all go in the back and deliberate, and only at that time when you hear all of the evidence, when you hear the closing arguments of the attorneys, when you hear your instructions on the law from me, only then can you go back and deliberate and determine what the verdict should be.
Is there anyone here that cannot do that for any reason?
None of the prospective jurors, including Green, responded.
When the buyers' counsel asked Ms. Green whether her prior lawsuit would affect how she would hear the evidence in this case, Green replied: "I don't think it should."
The trial court denied the sellers' motion to strike Green for cause.
Post-trial, the trial court, in reviewing the voir dire record, recognized the problem. The trial court stated: "This is really a questionable thing here. I can't imagine why we let her sit if we had an alternate. I mean especially  This is not a good thing,. . . . [T]his is a close one." The court noted: "she said she was unhappy because she had a lawsuit involving a purchase and sale of a house, but I really didn't know whether she was the purchaser or the seller and what happened in the context of that. She was very upset about, quote, defaults, closed quote. . . ."
The trial court decided to defer the matter until a subsequent hearing, at which the buyers' counsel noted that both the trial court and the sellers' counsel agreed Green never did say against whom she was prejudiced. The court stated:
I'll tell you the truth, I'm rather surprised I didn't strike her for cause. I mean looking back at this  and I couldn't figure out why I didn't strike her for cause. . . .
* * *
. . . If I had to do it all over again I'd have done it, but I'm going to deny the motion . . . because, frankly, I think the obligation . . . is on you guys to make the record clear. . . .
* * *
Nobody on the defense side . . . gave me an opportunity to correct it. . . .
* * *
I think you could have followed up by saying: How are you prejudiced? Could we overcome your prejudice? I think that could have been done. That not having been done  I should have caught it. . . .
Florida Rule of Civil Procedure 1.431(c)(1) provides that if the voir dire reveals that a prospective "juror does not stand indifferent to the action or any of the foregoing grounds of objection exists . . . another shall be called in that juror's place."
With respect to jury qualifications, this court applies a reasonable doubt standard. That is, if there is reasonable doubt about the juror's ability to be fair *5 and impartial, the juror should be dismissed for cause. Bell v. Greissman, 902 So.2d 846, 847 (Fla. 4th DCA 2005) (citing Goldenberg v. Reg'l Import & Export Trucking Co. Inc., 674 So.2d 761 (Fla. 4th DCA 1996)). Where a juror's responses on a question of bias are conditional or equivocal and the juror is not rehabilitated, and where there is a reasonable doubt as to whether the juror stands impartial, a new trial is mandated. Bell, 902 So.2d at 847 (citing Salgado v. State, 829 So.2d 342, 344 (Fla. 3d DCA 2002)); see also Imbimbo v. State, 555 So.2d 954 (Fla. 4th DCA 1990) (reasonable doubt has been found where a juror admitted she "probably" would be prejudiced, even though she then asserted she "probably" could follow the judge's instructions). While a trial court is afforded great discretion in ruling on challenges of jurors for cause, close cases involving challenges to the impartiality of potential jurors should be resolved in favor of excusing the juror rather than leaving doubt as to impartiality. See Bell, 902 So.2d at 847; Peters v. State, 874 So.2d 677, 679 (Fla. 4th DCA 2004) ("While the decision to accept or dismiss a putative juror is considered an exercise in discretion, we view the seating of a juror as to whom there is a reasonable doubt concerning impartiality an abuse of discretion and thus `manifest error'").
We recognize, as did the trial court, that neither side followed up on whether this prospective juror was, in fact, prejudiced toward one side or the other. Yet, while Green's remarks were not party-specific, it was clear that she had negative feelings about her own personal lawsuit involving "people defaulting."
An abstract bias toward the general class of civil cases or a general issue in the case need not, but may, warrant dismissal of a juror for cause, if the juror cannot set aside the bias and apply the law to the facts of the case at hand. See Montecristi Condo. Ass'n v. Hickey, 408 So.2d 671, 674 (Fla. 4th DCA 1982) ("[t]he accepted standard for testing juror bias is that a general, abstract bias or prejudice entertained by a juror regarding a particular class of litigation will not in itself disqualify him when it appears that the abstract bias can be set aside and that the juror will fairly and impartially decide the particular case solely upon the evidence and instructions of the court").
Here, however, it was unclear from Green's voir dire responses whether she could set aside her negative feelings and follow the law. As the trial court recognized, "there is a difference between `I don't think it should' and `it won't.'" See Bell v. State, 870 So.2d 893 (Fla. 4th DCA 2004) (finding reversible error where trial court denied challenge for cause after juror responded with an uncertain "I'd try not to" and "I would give it my best shot," in reference to his previously stated bias). And, while the juror was silent when the court advised the panel that both parties are entitled to "start off at the same line," and inquired of the panel whether they could wait until "the end of the race" to deliberate and determine what the verdict should be, reasonable doubt is not overcome by a juror's silence as to a question asked of the entire panel. Id. at 895 (citing Juede v. State, 837 So.2d 1114, 1116 (Fla. 4th DCA 2003)).
We recognize that, here, the trial court and the appellees' counsel may well have been right in surmising that the juror really "did not want to be there" and "wanted off this jury." But, close issues as to juror bias are resolved in favor of excusing the juror, rather than leaving doubt. See Bell, 902 So.2d at 847; see also Bryant v. State, 765 So.2d 68, 71 (Fla. 4th DCA 2000); Williams v. State, 638 So.2d 976 (Fla. 4th DCA 1994).
*6 As to all other issues raised, including the cross-appeal, we find no abuse of discretion or reversible error. We also conclude, for the benefit of the court and parties on re-trial, that the trial court properly permitted the appellees to introduce relevant evidence of the sellers' violation of paragraph 8 of the contract by failing to file paperwork and a fee for the renewal of the preschool's NAEYC accreditation.
We remand for a new trial.
POLEN and GROSS, JJ., concur.