987 So.2d 130 (2008)
Darion CONNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4123.
District Court of Appeal of Florida, Second District.
July 11, 2008.
Rehearing Denied July 11, 2008.
*132 Lucas Fleming and Brooke V. Elvington of Fleming Law Group, St. Petersburg, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Darion Conner appeals his judgment and sentence for driving under the influence (DUI) manslaughter.[1] He claims the trial court committed two reversible errors: (1) permitting opinion testimony from the police DUI investigator that Conner was guilty of contributing to the victim's death, and (2) admitting prejudicial and irrelevant photographic evidence. We reverse solely on ground two and remand for a new trial.
As to Conner's first alleged error, after a thorough and independent review of the record on appeal, we find that this alleged error was not properly preserved for appellate review. "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Tillman v. State, 471 So.2d 32, 35 (Fla.1985) (emphasis added) (citing Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982)). Thus, for example,
[a] defendant may not argue in the trial court that a consent was involuntary for certain reasons and then obtain a reversal on appeal on the ground that the consent was involuntary for other reasons. Any specific reason for reversal must be a specific reason that was advanced by the appellant in the trial court.

I.R.C. v. State, 968 So.2d 583, 589 (Fla. 2d DCA 2007) (emphasis added). Here, while Conner objected to the admission of the officer's opinion in the trial court, he did so on grounds wholly different from those argued in this appeal. Therefore, the issue is not properly preserved for appellate review and cannot form the basis for a reversal on appeal.[2]
As to the second alleged error, we agree with Conner that it requires reversal. Conner was charged with one count of DUI manslaughter and one count of vehicular homicide as a result of an accident involving his SUV and a bicycle. At trial, there was no dispute that the SUV and the bicycle collided with each other and that the bicyclist was killed as a result of the impact. Instead, the primary dispute concerned where the impact between the SUV and the bicycle occurred. The State argued that the evidence established *133 that the impact occurred in the bicycle lane. Conner's theory of defense was that the State's evidence was equally susceptible to the determination that the impact occurred in the traffic lane and that the State had therefore not proven its case beyond a reasonable doubt.
During the State's case, the State offered numerous photos of the accident scene into evidence. Conner objected to a photograph of the bicyclist's uncovered body sprawled across the bicycle lane on his stomach in a pool of blood, arguing that the only possible reason for the State to offer the photograph was to inflame the jurors' emotions. Conner also argued that any possible probative value of the photograph was clearly outweighed by its prejudicial impact and therefore it was also inadmissible under section 90.403, Florida Statutes (2004). In response, the State argued that the photograph was not gruesome and that it showed "the point of final rest of the body because that has become certainly a point of contention in this trial." Conner then argued, "That's not the final rest of the body. Our issue is where the impact occurred." (Emphasis added.) The trial court stated that it understood Conner's argument, but the court found that the photograph was not "overly gruesome," and it admitted the photograph into evidence over Conner's objection without explicitly ruling on Conner's relevancy objection. Under the specific facts of this case, we hold that this was error.
"The test for admissibility of photographic evidence is relevancy rather than necessity." Pope v. State, 679 So.2d 710, 713 (Fla.1996). "To be relevant, a photo of a deceased victim must be probative of an issue that is in dispute." Almeida v. State, 748 So.2d 922, 929 (Fla.1999). Here, the State argued below that the photograph was relevant to show where the bicyclist's body came to rest after the impact. However, the State articulated no reason why this fact had any bearing on any of the issues before the jury. But even assuming that there was some relevance in determining the body's final point of rest, the disputed photograph did not depict it. The traffic homicide investigator who took the photograph did not know whether Mr. Conklin's body had been moved before he arrived to take the photographs, and the first paramedic on the scene testified that he found Mr. Conklin laying on his back. Thus, the State did not establish the relevance of the photograph, and, assuming that a finding of relevance was implicit in the trial court's ruling that the photograph was not "overly gruesome," it was error for the trial court to admit the photograph.
In its motion for rehearing in this appeal, the State argues for the first time that Conner's relevance objection was not properly preserved for this court's review. We disagree. An objection to evidence must be "sufficiently precise [to] fairly apprise[ ] the trial court of the relief sought and the grounds therefor." State v. Ayers, 901 So.2d 942, 944 (Fla. 2d DCA 2005) (quoting § 924.051(1)(b), Fla. Stat. (2003)). No magic words are required when making an objection, see Williams v. State, 414 So.2d 509, 512 (Fla.1982), and "[a]n issue is preserved for appeal if the attorney's articulated concern is sufficiently specific to inform the court of the alleged error." State v. Paulk, 813 So.2d 152, 154 (Fla. 3d DCA 2002).
Here, while defense counsel did not use the magic word "relevant" in his objection, the substance of his initial argument was that the photograph served no purpose, i.e., was not relevant, except to inflame the jurors' emotions. When the State argued that the photograph showed the bicyclist's "point of final rest," defense counsel responded that "[t]hat's not the final rest of *134 the body" and, further, that the only issue was where the impact occurred. Those assertions directly disputed the State's claim that the photograph was relevant. In light of those arguments, we believe that Conner's objection was sufficiently precise to apprise the trial court of the basis of his relevance objection, and thus the issue was preserved for review.
Having determined that the admission of the photograph was a preserved error, we must still address whether the error was harmful. Reviewing the record as a whole, as we are required to do, we hold that it was. The test for harmless error requires the State to demonstrate beyond a reasonable doubt that the error complained of did not contribute to the verdict. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); see also Cuervo v. State, 967 So.2d 155, 167 (Fla.2007) (holding that to justify affirmance of a conviction despite error at trial, the State must prove beyond a reasonable doubt that there is no reasonable possibility that the error contributed to the conviction); Harris v. State, 959 So.2d 794, 798 (Fla. 2d DCA 2007) (Canady, J., concurring specially) (same). As the DiGuilio court observed:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. . . . If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
491 So.2d at 1139.
Here, the evidence at trial showed that both Conner and the bicyclist, Mr. Conklin, had alcohol in their systems when the accident occurred. While several witnesses saw Mr. Conklin riding in the bicycle lane before the accident, the impact itself apparently occurred in an intersection where the line demarcating the bicycle lane was absent. Conner told several deputies at the scene of the accident that a vehicle pulled in front of him. The majority of Mr. Conklin's injuries were to the left side of his body, and his hat was found in the middle of the road. The remnants of the rear reflector of Mr. Conklin's bicycle, while present at the scene, were not collected, and no one testified as to where they were found. Instead, the only physical evidence purporting to establish the point of impact was a "scuff mark" in the bicycle lane. The State presented evidence that Mr. Conklin's body had traveled approximately 212 feet after the impact, after which it "tumbled" to its final point of rest. As previously mentioned, the testimony disproved the State's assertion that the photograph depicted the body's final point of rest. But, in closing argument, the State specifically urged the jurors to examine the photograph of Mr. Conklin's body, emphasizing that "[h]e's in the bike lane" and "[h]is feet are inches from [the curb]."
The State used this photograph to argue that Mr. Conklin was catapulted in the bike lane "like a baseball being slapped by a bat." Conner's theory of defense was that law enforcement had conducted its investigation based on its assumption that Conner caused the collision by swerving into the bicycle lane. He argued that the State's evidence did not rule out the possibility that Mr. Conklin, on his drunken *135 bike ride, had swerved into Conner's path of travel, and he argued that the officers' accident investigation was flawed because they had never investigated this realistic possibility.
Neither the State's nor Conner's theory of the case was clearly proved or disproved by the evidence presented. In light of both the State's argument emphasizing the photograph's import and Conner's theory of defense, we cannot say beyond a reasonable doubt that the admission of the irrelevant photograph depicting Mr. Conklin's bloody and battered body lying partially within the bicycle lane did not affect the jury's verdict. Therefore, the error was not harmless, and Conner is entitled to a new trial.
Reversed and remanded for a new trial.
NORTHCUTT, C.J., and SALCINES, J., Concur.
NOTES
[1] Although a jury found Conner guilty of both DUI manslaughter and vehicular homicide, at sentencing the trial judge merged the vehicular homicide charge into the DUI manslaughter conviction. As a result, Conner was adjudicated guilty of only DUI manslaughter, and he was sentenced to fifteen years in prison.
[2] We note that the State has not argued the lack of preservation in this appeal. However, this court has an independent obligation to ensure that an alleged prejudicial error was properly preserved for appellate review. See § 924.051(3), Fla. Stat. (2003) ("A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court . . . .") (emphasis added). While this independent obligation does not excuse parties from raising on appeal the issue of whether an alleged error is properly preserved, we will not base a reversal on an unpreserved error simply because the opposing party failed to bring the lack of preservation to our attention.