DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAYANA ST. VIL LOPEZ,**
Appellant,

v.

**YO ROOFING AND ASSOCIATES, INC.,** a Florida corporation, and
**SCOTT ALLEN VOORHEES,** an individual,
Appellees.

No. 4D17-2075

[June 27, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti Englander Henning, Judge; L.T. Case No. CACE15-021706 (09).

Jordan Redavid of Fischer Redavid PLLC, Miami, for appellant.

James K. Clark of Clark, Robb, Coulombe, Buschman & Charbonnet, Miami, for appellee Yo Roofing and Associates.

WARNER, J.

In this appeal from a final judgment finding the defendant not liable in an auto negligence action, appellant contends that the trial court erred in denying a challenge for cause to a prospective juror. We agree that the court erred, where the juror stated that she could not hold an employer vicariously liable for the negligence of an employee, the plaintiff's theory of liability in this case. The challenge should have been granted. We therefore reverse.

The appellant was involved in an automobile collision with an employee of the appellee, Yo Roofing, who was driving a company truck. She filed suit against the employee for his negligent operation of the vehicle and against Yo Roofing under the theories of vicarious liability and Florida's dangerous instrumentality doctrine. During litigation, the employee died, and the parties agreed to proceed against Yo Roofing only.

The case proceeded to trial. During jury selection, the parties questioned juror Clark, a retired secretary for a carpet company. She was

asked if she could render a verdict against a company whose employee was negligent, as opposed to a verdict against the employee himself. She asked counsel her own question: if the employee was drinking, doing drugs, or had a heart attack, why should the employer be responsible for him or her? The plaintiff's counsel then told her to assume that it was a "he said, she said" situation or an honest accident. Then Plaintiff's counsel asked:

> [Plaintiff's counsel]: If you believed by a preponderance of the evidence that the evidence showed that the employee was at fault, could you render a verdict knowing that it was against the employer, if that employee was just—because that employee is in the scope of their employment?
>
> [Clark]: I don't think so.
>
> [Plaintiff's Counsel]: You don't think so?
>
> [Clark]: No.

During jury selection, appellant challenged Clark for cause, stating that Clark had said she would be uncomfortable rendering a verdict against an employer for the negligence of its employee. After the court and the defense attorney both said they missed that answer of Clark, the court denied the challenge without further inquiry. Because appellant had exhausted her challenges, and the court refused her request for additional peremptory challenges, Clark actually sat on the jury.

The jury rendered a verdict, finding the employer was not liable. Appellant moved for a new trial, including in her motion portions of the transcript excerpted above. Nevertheless, the trial court denied the motion for new trial. This appeal followed.

"[I]f there is a reasonable doubt about [a] juror's impartiality, the juror should be dismissed for cause." *See Bell v. Greissman*, 902 So. 2d 846, 847 (Fla. 4th DCA 2005). "A new trial is required where the trial court denies a challenge for cause based on a juror's equivocal or conditional responses that are not rehabilitated and where a reasonable doubt exists as to whether the juror possessed the requisite state of mind necessary to render an impartial decision." *Id.*

In this case, Clark expressed her inability to render a verdict against an employer where the employee was at fault and within the scope of his employment. In other words, she could not find an employer vicariously

2

liable, the sole ground for liability of appellee. There is no question that the juror expressed a bias against holding an employer liable for an employee's negligence. At the very least, there is reasonable doubt as to Clark's ability to render an impartial decision.

In opposition, the appellee contends that appellant should have asked more questions of Clark to establish the extent of her bias or to clarify her opinion. There is no such requirement. Her bias was clearly evident. Appellee also argues that appellant had the duty to bring to the attention of the court the portion of the transcript where Juror Clark expressed her inability to find against an employer. However, the duty to determine the facts is that of the trial court. Here, the answers of the juror were the facts which should have been ascertained by the trial court. If the trial court did not remember the answers, the court should have ordered the court reporter to read that portion of the transcript before denying the challenge. Moreover, once confronted with the juror's answers in the transcript, included in appellant's motion for new trial, the court should have granted the new trial because it had failed to grant the challenge for cause.

Because the court abused its discretion in denying the challenge for cause, which actually resulted in the seating of a biased juror, we reverse and remand for a new trial.

TAYLOR and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***