DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**FRANCY ST. FLEUR** and **YVROSE HILAIRE,**
Appellees.

No. 4D2024-1378

[December 10, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John Bowman, Judge; L.T. Case No. CACE 20-21274.

Kara Rockenbach Link and David Andrew Noel of Link & Rockenbach, PA, West Palm Beach, for appellant.

Scott J. Edwards of Scott J. Edwards, PA, Boca Raton, and Vyacheslav Borshchukov of Vyacheslav Borshchukov, PA, Fort Lauderdale, for appellees.

MAY, J.

The age-old tale of David and Goliath found its way into voir dire in this property damages dispute. The insurer appeals an adverse judgment. It argues the trial court erred in denying its "for cause" challenge to juror number nineteen and in its ruling on the admissibility of photographic evidence. We agree and reverse.

The homeowners petitioned for declaratory relief after the insurer denied coverage for their water damage claim, citing the policy's existing-damage exclusion. The parties disputed whether the loss was covered under the policy. The court set the case for a jury trial.

During voir dire, prospective juror number nineteen raised his hand when asked whether he would review the insurer's evidence with a more critical eye than he would the homeowners. When asked to elaborate, prospective juror number nineteen explained his critical view was based on two reasons: first, he viewed the insurance-company-versus-insured context to be "very much like David and Goliath kind of setup," explaining,

"I think by nature David **has to have** a little bit of an advantage." (Emphasis added). Prospective juror number nineteen's second reason was due to his experience working with insurance companies in the medical field, expressing that "their goal is clearly not to pay."

The insurer moved to strike prospective juror number nineteen for cause explaining, "he is the first person that raised David and Goliath scenario specifically where the insurance company is the Goliath in this and the Plaintiff is the David and he is leaning towards the plaintiff." The trial court denied the insurer's for-cause challenge. The insurer used one of its three peremptory challenges to strike prospective juror number nineteen.

The insurer also moved to strike prospective juror number four for cause because she expressed that she had a prior insurance claim that she described as a "grueling insurance process" where attorneys and adjusters were involved, and she was frustrated with the process. Prospective juror number four stated that she believed she could be fair and impartial.

The insurer moved to strike prospective juror number four for cause based on her prior negative experiences with insurance litigation and her response to the airplane hypothetical.[1] The insurer indicated "there appears to be some lack of insight as to between the similarities between the airplane scenario and her own scenario and the issue of [impartiality,]" thereby expressing concern about juror number four's ability to remain impartial. The trial court denied the insurer's for-cause challenge. Because the insurer had no peremptory strikes left, the insurer asked the court for a fourth peremptory strike, which the court denied. Prospective juror number four became a member of the jury.

During trial, the insurer moved to admit 2019 home inspection photographs of the homeowners' property. The insurer sought to use these photographs to support its affirmative defense that the homeowners' claimed losses predated the 2020 policy, having already existed in 2019 when they purchased the property. The homeowner testified the photos depicted his property and fairly and accurately represented the property's

---

[1] The insurer asked prospective juror number four if she would believe it was fair that she would not be allowed to leave a plane after a pilot announced that turbulence was expected and the pilot had prior issues flying through turbulence but that he presently believed he could fly the plane safely. Prospective juror number four responded that she did not think it would be fair if she were not allowed to leave the plane in such a situation.

condition when he purchased it. The homeowners objected to the admissibility of the photographs on lack-of-predicate grounds, which the trial court sustained.

The jury returned verdict for the homeowners. The insurer filed a renewed motion for new trial and/or directed verdict. The insurer argued the trial court's erroneous denial of its for-cause challenge of prospective juror number nineteen forced it to unnecessarily use one of its peremptory strikes, which it would have instead used on prospective juror number four. The seating of juror number four deprived the insurer of a fair trial.

The insurer also argued the trial court's erroneous exclusion of photographs from the homeowners' home inspection report warranted a new trial. The trial court entered final judgment for the homeowners consistent with the jury verdict.

From this judgment, the insurer now appeals.

- ***The Analysis***

  o *The For-Cause Challenge Issue*[2]

The insurer argues the trial court abused its discretion when it denied the insurer's for-cause challenge and its request for a fourth peremptory challenge. The homeowners argue the trial court did not err because prospective juror number nineteen did not raise reasonable doubt as to his impartiality warranting his excusal for-cause. They alternatively suggest any error was harmless.

The insurer responds that prospective juror number nineteen's targeted disfavoring of one party sufficiently raised reasonable doubt as to his impartiality. Finally, the insurer argues the homeowners' harmless error argument fails because they failed to show beyond a reasonable doubt that the trial court's error did not contribute to the verdict.

We review a trial court's denial of a for-cause challenge to a prospective juror for an abuse of discretion. *Weinstein Design Grp., Inc. v. Fielder*, 884 So. 2d 990, 994 (Fla. 4th DCA 2004). A for-cause challenge "must be granted if there is any reasonable doubt as to a potential juror's impartiality." *Pelham v. Walker*, 135 So. 3d 1114, 1116 (Fla. 2d DCA 2013)

---

[2] We reject the homeowners' suggestion that the insurer waived its argument because it did not include a preservation analysis and "harmful error" analysis in its brief.

(citing *Darr v. State*, 817 So. 2d 1093, 1093 (Fla. 2d DCA 2002)); *see also Smith v. State*, 699 So. 2d 629, 635 (Fla. 1997). Close cases should be resolved in favor of excusing the juror. *Four Wood Consulting, LLC v. Fyne*, 981 So. 2d 2, 5 (Fla. 4th DCA 2007) (citing *Bell v. Greissman*, 902 So. 3d 846, 847 (Fla. 4th DCA 2005); *Peters v. State*, 874 So. 2d 677, 679 (Fla. 4th DCA 2004)).

Because the trial court "has a unique vantage point to determine juror bias," its determination of bias is a mixed question of law and fact that will not be disturbed absent manifest error. *Smith*, 699 So. 2d at 635-36. However, where a prospective juror expresses unequivocal bias, "the trial court's superior vantage point and discretion are of little consequence." *Weinstein Design Group, Inc.*, 884 So. 2d at 996 (quoting *Franco v. State*, 777 So. 2d 1138, 1139 (Fla. 4th DCA 2001)).

If the appellate court finds the trial court erred, the appellate court must then determine whether the error was harmless. *Seadler v. Marina Bay Resort Condo. Ass'n, Inc.*, 376 So. 3d 659, 664-69 (Fla. 2023). Under the harmless error standard, reversal is warranted only if there is a reasonable possibility that the error contributed to the verdict. *English v. Port St. Lucie Police Dep't*, 404 So. 3d 413, 418-19 (Fla. 4th DCA 2025) (citing § 59.041, Fla. Stat. (2023)).

A juror must be excused for cause if any reasonable doubt exists as to whether the juror possesses an impartial state of mind. *Smith v. State*, 699 So. 2d 629, 635 (Fla. 1997). "[A] juror is not impartial when one side must overcome a preconceived opinion in order to prevail." *Carratelli v. State*, 832 So. 2d 850, 854 (Fla. 4th DCA 2002) (quoting *Price v. State*, 538 So. 2d 486, 489 (Fla. 3d DCA 1989). "Close cases should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality." *Sydleman v. Benson*, 463 So. 2d 533, 533 (Fla. 4th DCA 1985).

"[A]ny alleged error in failing to dismiss a juror for cause **may be cured by granting additional peremptory challenges**." *Weinstein Design Grp., Inc.*, 884 So. 2d at 996 (emphasis added). "If, because of an erroneous denial of a challenge for cause, a party is forced to exhaust his or her peremptory challenges and, subsequently makes a request for additional peremptory challenges which is denied ... an appellate court will reverse and grant a new trial." *Imbimbo v. State*, 555 So. 2d 954, 955 (Fla. 4th DCA 1990) (quoting *Longshore v. Fronrath Chevrolet, Inc.*, 527 So. 2d 922, 923 (Fla. 4th DCA 1988)) (internal quotation marks omitted).

4

The homeowners rely on *Embleton* to argue that prospective juror number nineteen's antagonistic characterization of the insurer did not amount to the kind of specific or unequivocal bias that would have required a for-cause strike. We find the juror's general disenchantment in *Embleton* distinguishable from prospective juror number nineteen's comments here, just as we did in *Weinstein Design Group* where jurors "expressed strong feelings toward one of the parties." *See also Jaffe v. Applebaum*, 830 So. 2d 136, 137-38 (Fla. 4th DCA 2002).

Here, prospective juror number nineteen raised his hand when asked whether he would review the insurer's evidence with a more critical eye than he would the homeowners. Prospective juror number nineteen stated that in his experience working in the medical field, an insurance company's "goal is clearly not to pay." As a result of the trial court's erroneous denial of the insurer's for-cause challenge to juror number nineteen, the insurer was forced to exhaust its peremptory challenges and request an additional peremptory challenge, which was denied.

In determining whether a final judgment will be reversed, and a new trial will take place, the inquiry is two-pronged: first, whether the trial court erred; second, whether the error or abuse of discretion was harmless. *See Long v. Fam. Support Servs. of N. Fla., Inc.*, 392 So. 3d 183, 191 (Fla. 5th DCA 2024) (citing *Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251 (Fla. 2014)).

"Harmless error is the appropriate standard for reviewing the erroneous denial of a properly preserved cause challenge." *Seadler*, 376 So. 3d at 665. A judgment cannot be reversed if an error is harmless. *English*, 404 So. 3d at 419 (citing § 59.041, Fla. Stat.).

Here, the homeowners argue the trial court's error was harmless because the insurer failed to present any witness testimony that the damages were preexisting. Thus, no reasonable jury—regardless of its composition—could have returned a verdict in the insurer's favor. We disagree. As the insurer points out, this ignores the insurer's defenses on the verdict form, the initial threshold burden placed on the homeowners in the case, and excluded photographs that are being challenged on appeal.

Each point was a matter on which reasonable jurors could have reached different conclusions. The erroneous denial of the for-cause challenge could reasonably have affected the verdict, as a different juror in juror number four's seat might have reached a different conclusion. In

5

short, the error was not harmless. We therefore reverse and remand the case for a new trial.

        o   *The Evidentiary Issue*

The insurer next argues the homeowners did authenticate the photographs the trial court excluded on lack-of-predicate grounds. The insurer claims the homeowners cannot prove harmless error because the trial court's erroneous exclusion of the photographs directly led to the jury verdict. The homeowners respond the trial court's exclusion of the photographs was harmless because the insurer failed to prove its affirmative defense that coverage was excluded. Notably, the homeowners do not argue that the trial court's exclusion was not an error.

The insurer replies that the homeowners argue the incorrect legal standard for harmless error. And the photographs were critical to the insurer's defense rendering their exclusion harmful. We agree with the insurer.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion as limited by the rules of evidence. *See Petit-Dos v. School Bd. of Broward Cnty.*, 2 So. 3d 1022, 1025 (Fla. 4th DCA 2009). Under the harmless error standard, reversal is warranted only if there is a reasonable possibility that the error contributed to the verdict. *Special*, 160 So. 3d at 1256. The beneficiary of the error bears the burden to prove the error did not contribute to the verdict beyond a reasonable doubt. *Id.*

Under Florida law, "[a]uthentication or identification of evidence is required as a condition precedent to its admissibility." § 90.901, Fla. Stat. (2023). Only if a "picture ... i[s] verified as a true representation of the subject about which testimony is offered, is [it] admissible in evidence." *Adams v. State*, 10 So. 106, 113 (Fla. 1891).

The "pictorial testimony" method is one common approach to authentication. *R.V. v. State*, 388 So. 3d 952, 954 (Fla. 3d DCA 2024). This method requires "a sponsoring witness with personal knowledge of the image depicted" to testify that the photograph fairly and accurately represents the subject matter. *Id.*

"This authenticity requirement has evolved into a one-sentence predicate: 'Does this photograph fairly and accurately depict [the subject]?'" *Id.* (quoting Brian Barakat & Bronwyn Miller, *Authentication of Digital Photographs Under the "Pictorial Testimony" Theory: A Response to Critics*, 78 Fla. B.J. 38, 40 (2004)). "Any witness with knowledge that

[the photograph] is a fair and accurate representation may testify the foundational facts." *Smiley v. State*, 295 So. 3d 156, 167 (Fla. 2020) (quoting Charles W. Ehrhardt, *Ehrhardt's Florida Evidence* § 401.2, at 176 (2019 ed.)).

Here, the insurer authenticated the photographs, pursuant to section 90.01 by asking homeowner if the photographs were fair and accurate representations of his home, which he answered in the affirmative:

Q: Do you recognize these photographs?

A: Yes.

Q: Are these photographs taken at your property?

A: Yes.

Q: Do these photos fairly and accurately represent the condition of this property when you purchased the property?

A: All these photos describe exactly the condition when I first saw this property, that is the way it was in that condition.

In short, the photographs were properly authenticated as the insurer engaged the homeowner in the "one-sentence predicate" which satisfies section 90.901's authenticity requirement. The trial court's exclusion of the photograph on lack-of-predicate grounds was an abuse of discretion.

Regardless, the homeowners further argue the trial court's exclusion of the photographs was harmless because the 2019 bank inspection photographs were taken before the homeowners closed on the property. They note the bank required repairs before closing, so the damage shown in the pre-closing 2019 photographs would have been repaired well before the homeowners purchased the insurance policy a year later.

This point does not negate the trial court's error in excluding properly authenticated photographs on authentication grounds. Questions of relevance can be raised once the evidence is admitted; they do not justify excluding admissible evidence or rendering the erroneous exclusion harmless. *See Mullens v. State*, 197 So. 3d 16, 25 (Fla. 2016) ("authentication for the purpose of admission is a relatively low threshold that **only** requires a prima facie showing that the proffered evidence is authentic") (emphasis added).

The significance of the photographs is further illustrated by the jury's written question during deliberation, which asked whether there were any photographs in evidence for the jury to review. Contrary to the homeowners' arguments, a photograph need not prove or disprove a party's theory of the case to be deemed harmful. *See Conner v. State*, 987 So. 2d 130, 135 (Fla. 2d DCA 2008) (holding that although the erroneously admitted photograph did not prove or disprove either party's theory of the case, the error was not harmless).

We therefore reverse and remand the case for a new trial on this alternative ground.

*Reversed and remanded for a new trial.*

GERBER and CONNER, JJ., concur.

\*     \*     \*

**Not final until disposition of timely-filed motion for rehearing.**

8