972 So.2d 1050 (2008)
Adolfo RODRIGUEZ, Appellant,
v.
Roberto J. LAGOMASINO, Appellee.
No. 3D06-1956.
District Court of Appeal of Florida, Third District.
January 23, 2008.
Robbins & Reynolds and Robert A. Robbins, Miami, for appellant.
Bernstein, Chackman & Liss and Neil Rose, Hollywood, for appellee.
Before COPE and GREEN, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Plaintiff Adolfo Rodriguez appeals a judgment entered on, a defense verdict in an automobile accident case. The plaintiff maintains that the trial court erred by failing to strike two jurors for cause. We agree that both jurors should have been stricken for cause and reverse for a new trial.
The plaintiff was involved in two auto accidents. The first was a minor car accident on May 1, 1999. The plaintiff saw a doctor for treatment two days later for complaints of neck and back pain. After leaving that appointment, the plaintiff was struck by a vehicle driven by defendant. As a result of this second accident, the plaintiff received treatment from paramedics *1051 and was transported to Hialeah Hospital, where he was treated in the emergency room, underwent a series of x-rays, and was given a CT scan. He received further treatment subsequently. The plaintiff filed his lawsuit against the defendant for injuries sustained in this second accident.
During voir dire, prospective juror Mr. Gutierrez advised that his wife had been involved in an accident where she rear-ended a vehicle and although her car had no damage and "she just touched" the other vehicle, the other driver filed a claim against them. Defense counsel asked:
[Defense counsel]: Is that experience going to affect you in any way in this kind of case or not?
Mr. Gutierrez: In that accident I feel a little bad because the insurance that we have just sent me a letter and let me know that they're going to raise my insurance up to the double, I think.
[Defense counsel]: Oh, is that right?
Mr. Gutierrez: And I called in and I tell them that that claim is fraud because nothing happened at all.
[Defense counsel]: Right.
Mr. Gutierrez: We know that, but we can't do anything about it.
[Defense counsel]: Okay.
Mr. Gutierrez: That's what the answer they give me. Okay. I canceled my insurance.
[Defense counsel]: Well, you're going to hear testimony about how an accident occurred in here and then what they're claiming and what the injuries that they're claiming are. Would you be able to put aside what happened in your wife's situation and listen to the testimony here in this case, can you do this?
Mr. Gutierrez: I still feel a little bad about that car insurance company, but I don't know. The problem is with the insurance company.
[Defense counsel]: I understand that your problem is with the insurance company.
Mr. Gutierrez: Yeah. What happened with my 
[Defense counsel]: You're not going to hear anything in this case about insurance companies. So I just want to know when we start, are you going to bebefore we even start, are you going to be favoring the Plaintiff, or are you going to be favoring the Defendant, or are you going to be right down the middle before we even start?
Mr. Gutierrez: I'm going to be in the middle.
Another juror, Mr. Hillberry, in discussing caps on damages expressed the following during voir dire:
[Plaintiffs counsel]: Let me just ask another question of the panel. . . . How many people here believe in caps, that there should be caps on damages?
Mr. Hillberry: (Indicating)
[Plaintiff's counsel]: And Mr. Hillberry, tell what your feelings are in that regard?
Mr. Hillberry: Well, I believe that there should be caps on damages because there has beenwe live in a litigious society where there have been a lot of frivolous lawsuits that cost millions of dollars to corporations and individuals, and basically that would be attributed to a rise in our cost of living. As a person such as myself, I have to pay higher insurance rates for fraud and, you know, things like that.
[Plaintiff's counsel]: Sir, let me just ask you this: Given your strong thoughts about this, do you think that that those feelings could come into play in this particular case? I mean, you're going to go back to the jury room. You know that you're going to think *1052 these same beliefs that you've just expressed. Do you think that they could influence what you do in this particular case, honestly?
Mr. Hillberry: Well, of course, honestly it would because that's part of my make up. It all depends on the evidence presented.
[Plaintiff's counsel]: All right. But if you think it's marginal case, that's your view, you would tend to think that it falls into that category that, you know, this is why insurance rates are going up and so forth and so on, and that would influence your decision?
Mr. Hillberry: I don't have enough information about the case to understand whether or not my decision would be influenced. However, when you mentioned previously that we're not looking at a sizeable sum of money or whatever, I don't know that that would affect me.
[Plaintiff's counsel]: Okay. Well, that's my concern
Mr. Hillberry: Yes.
[Plaintiff's counsel]:for my client. I mean, you know, . . . if you were representing a client, you would, want to have somebody on a jury who would be fair and open minded and not think, well, gee, we're going to go back there and say, "oh, my goodness, this is this type of case, that's why my insurance rates are going up and so I'm not going to buy into this and I'm going to say no." You wouldn'tI wouldn't want that mind set in the jury room.
. . . .
[Plaintiff's counsel]: So do you think, having said all that, that if you're selected as a juror, that these thoughts that you have would come into play in this particular case when you deliberate?
Mr. Hillberry: I doubt that they would.
[Plaintiff's counsel]: But they could?
Mr. Hillberry: I suppose so. It is a possibility.
The trial court denied plaintiffs challenges for cause as to both Mr. Gutierrez and Mr. Hillberry. Plaintiff used his last peremptory challenge to strike Mr. Gutierrez and then requested an additional peremptory challenge which was ultimately granted and plaintiff struck Mr. Hillberry. Plaintiff requested another peremptory challenge to strike Ms. Wilson who was a manager at Target. The trial court denied plaintiffs request and Ms. Wilson ultimately sat on the jury. Prior to the jury being sworn, plaintiff renewed his objection to the jury. Plaintiff's motion for new trial was denied because the trial court opined that based upon the responses given by Mr. Gutierrez and Mr. Hillberry they were rehabilitated and that the challenges for cause were not appropriate.
We respectfully disagree that these jurors were rehabilitated and believe that both jurors should have been stricken for cause. "When any reasonable doubt exists as to whether a juror possesses the state of mind necessary to render an impartial verdict based solely on the evidence submitted and the instructions on the law given to her by the court, she should be excused." Nash v. Gen. Motors Corp., 734 So.2d 437, 440 (Fla. 3d DCA 1999). Here, Mr. Gutierrez had been sued as a result of a similar accident which caused his insurance rates to double. He clearly expressed his negative feelings about the claim made against him and his wife. Although he later stated, "I'm going to be in the middle," that statement was insufficient to indicate unequivocally that he could set aside his feelings and be fair and impartial in this case. Id.
It was also error to fail to strike Mr. Hillberry for cause because he was not *1053 rehabilitated from his statement that his beliefs regarding damages would possibly come into play during deliberations. Based upon his responses during voir dire, he remained equivocal about his impartiality. As a result of the court's failure to strike either of these jurors for cause, plaintiff was forced to use peremptory challenges and then had to accept Ms. Wilson, an objectionable juror, because he had exhausted his peremptory challenges. This court has consistently held that "it is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause since it has the effect of abridging the right to exercise peremptory challenges." Tizon v. Royal Caribbean Cruise Line, 645 So.2d 504, 506 (Fla. 3d DCA 1994); Diaz v. State, 608 So.2d 888, 890 (Fla. 3d DCA 1992); Jefferson v. State, 489 So.2d 211 (Fla. 3d DCA 1986); Anderson v. State, 463 So.2d 276 (Fla. 3d DCA 1984).
Because we reverse for a new trial on the juror issue, we need not address the remaining issue on appeal regarding damages.
Reversed and remanded for a new trial.