# Third District Court of Appeal

## State of Florida

Opinion filed May 5, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2402
Lower Tribunal No. 16-15528
_____

**Alejandra Rivas,**
Appellant,

vs.

**Alicia Sandoval,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Philip D. Parrish, P.A., and Philip D. Parrish; The Gutierrez Firm, and Jorge P. Gutierrez, Jr.; Nuñez Law, PL, and Bobby Nuñez, for appellant.

Wicker Smith O'Hara McCoy & Ford, P.A., and Alyssa M. Reiter (Fort Lauderdale), for appellee.

Before LOGUE, HENDON, and GORDO, JJ.

LOGUE, J.

Alejandra Rivas appeals from a final judgment entered in favor of Alicia Sandoval in this personal injury case. Rivas asserts the trial court erred by denying her mid-trial motion for mistrial and her motion for new trial following a defense verdict. We find that the trial court erred in not excluding a properly challenged venireperson. Because this error forced Rivas to use a peremptory challenge against this venireperson and the trial court later denied Rivas' request for an additional peremptory challenge against a prospective juror over whom she expressed concern, we reverse and remand for a new trial.

**Facts and Procedural History**

Rivas was travelling south on US-1 in South Miami when she turned left and was struck by Sandoval. After the collision, Rivas received emergency medical attention for shattered glass in her eyes, lacerations to her legs, and a contusion to her knee. After being discharged, she experienced neck and back pain, sought medical attention, and was diagnosed with injuries to her neck and back.

Rivas sued Sandoval and the case proceeded to trial. When the venire was asked whether any member had a personal or indirect experience being involved in a car accident, juror number five responded affirmatively. Juror five explained that his son had been in a similar collision

2

with his car and both had been sued. He explained that the plaintiff in his son's case was never taken to the hospital for neck and back injuries, and that based on this he did not believe the plaintiff was sufficiently injured to receive his $100,000 insurance policy limits. The juror further explained that he was threatened by a law firm claiming it would put a lien on his house if he refused the policy limits on his insurance.

Rivas' counsel asked the juror if the instant case was one "where you can't be fair and impartial and look at both cases equally using the analogy fairly and equally at the beginning, right?" The juror responded, "Yes." Sandoval's counsel further questioned the juror, "Are you open-minded in terms of this case . . ." The juror responded, "Yes. Like I mention, every case is different so."

At the conclusion of voir dire, Rivas moved to exclude juror five for cause "because he had been a defendant, because he had issues with the insurance company, he was sympathizing with the defendant. He said that as a defendant he was treated unfairly." The trial court denied the motion to strike. Rivas initially accepted juror five but later used a peremptory challenge against the juror "based upon the denial of the motion for cause." Later, and after Rivas had exhausted all her peremptory challenges, Rivas was asked to accept juror fifteen, who had previously worked for several

3

insurance companies. Rivas' counsel responded saying, "I would ask for an additional peremptory challenge based upon the fact that the court denied the cause challenges on [Jurors] Number Three and Five, and I would ask the court for an additional peremptory." The trial court denied the request for an additional peremptory. Rivas' counsel responded, "Just note my objection then, Your Honor, that I would have used one of the peremptory challenges had the court granted one of the prior cause challenges under [Jurors] Three and Five." Rivas tendered the jury, including juror fifteen, but maintained her previous objections. At the conclusion of trial, the jury returned a verdict for Sandoval.

## Analysis

We review a trial court's decision to deny a challenge for cause to a potential juror for an abuse of discretion. McKay v. State, 61 So. 3d 1178, 1180 (Fla. 3d DCA 2011). "The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court." Busby v. State, 894 So. 2d 88, 95 (Fla. 2004). While the trial court has significant discretion in determining a juror's competency, "[a] juror must be excused for cause if any reasonable doubt exists as to

4

whether the juror possesses an impartial state of mind." <u>Kopsho v. State</u>, 959 So. 2d 168, 170 (Fla. 2007).

Juror five's answers to questions from Rivas' counsel evinced a bias which called into question his ability to "render an impartial verdict based solely on the evidence submitted and the law announced at the trial."[1] <u>Matarranz v. State</u>, 133 So. 3d 473, 484 (Fla. 2013) (citations omitted). An evaluation of a juror's ability to render a verdict based solely on the evidence and law must take into account "all of the questions and answers posed to or received from the juror." <u>Id.</u>

Juror five specifically stated that his previous experience made it difficult to remain impartial in his evaluation of the facts and evidence in this case. He stated that he did not believe the plaintiff in his son's case was injured enough to claim the $100,000 policy limits. For support of his statement, the juror interrupted counsel's questions to say that the plaintiff in his son's case "was never taken to the hospital in an ambulance." In a case involving a plaintiff who did not immediately receive medical treatment for her most severe long-term injuries, juror five's statements evinced a

---

[1] Rivas' counsel successfully navigated the sometimes challenging procedure to preserve this issue for appellate review. Florida law requires that to preserve this issue a litigant must "expend a curative peremptory challenge, exhaust the remaining peremptories, and identify a seated juror whom the [litigant] otherwise would have peremptorily excused according to established law." <u>Busby</u>, 894 So. 2d at 103.

5

bias in favor of the defendant and against the plaintiff by insinuating a preference for limited damages. The trial court's failure to excuse the juror based on these answers was, therefore, error.

As a result of the trial court's failure to strike juror five for cause, Rivas was forced to use a peremptory challenge to strike him "and then had to accept [juror fifteen], an objectionable juror, because [she] had exhausted [her] peremptory challenges." Rodriguez v. Lagomasino, 972 So. 2d 1050, 1053 (Fla. 3d DCA 2008). "This court has consistently held that 'it is error for a court to force a party to exhaust his peremptory challenges on persons who should be excused for cause since it has the effect of abridging the right to exercise peremptory challenges.'" Id. (quoting Tizon v. Royal Caribbean Cruise Line, 645 So. 2d 504, 506 (Fla. 3d DCA 1994)). "[A] failure to ensure that our jury panels are comprised of only fair and impartial members renders suspect any verdict reached." Matarranz, 133 So. 3d at 477.

Sandoval contends that juror five's later answer that he would keep an open mind because "every case is different," was sufficient to rehabilitate the juror. We have previously held that in cases where a juror "clearly expressed his negative feelings" about a similar type of claim or a similar type of plaintiff, a later expression that the juror can be fair is

6

"insufficient to indicate unequivocally that he [can] set aside his feelings and be fair and impartial in this case." <u>Rodriguez</u>, 972 So. 2d at 1052.

We therefore reverse and remand for a new trial. Because we reverse on this issue, we do not reach Rivas' other claims of error.

Reversed and remanded for new trial.